**Audrey Rena CHAMPS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 304.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 21, 1970.

Rehearing Denied Feb. 18, 1970.

Frances T. Freeman Jalet, Houston, for appellant.

Joe Moss, Nicholas Barrera, Asst. Dist. Attys., Houston, for appellee.

BARRON, Justice.

This is an appeal from orders of the Juvenile Court of Harris County, Texas by appellant, a minor, who was adjudged by the trial court to be a delinquent child on January 27, 1969. Appellant was charged with habitually violating the Compulsory School Attendance Law, and after a hearing, the court held the child to be delinquent, but suspended the commitment and released appellant to the custody of her mother under supervision of the Harris County Juvenile Probation Department and under certain rules of probation, subject to further orders of the juvenile court. Appellant and her mother appeared at the hearing above mentioned, and the court made it clear to them that he would appoint counsel to represent the interests of the child if they desired it. Appointment of counsel was, however, refused by the child and her mother.

On or about March 20, 1969, appellant was again brought before the court, and this time she was placed in a foster home pending final disposition of the case. She was placed in the home on April 28, 1969, but she left such home without permission the next day.

The dispositional hearing was held on May 29, 1969, at which time appellant was represented by counsel appointed by the court. After the hearing and by order signed and entered the same day, the court committed appellant to the care, custody and control of the Texas Youth Council.

Oral notice of appeal was given by appellant's counsel on May 29, 1969.

On June 4, 1969, six days after the court's judgment of commitment was signed and entered, appellant's counsel mailed to the clerk of the Juvenile Court written notice of appeal. Such notice was received and filed on June 6, 1969.

Article 2338–1, Sec. 21, Vernon's Ann. Tex.Civ.St., provides that written notice of appeal shall be filed with the Juvenile Court within five (5) days after the entering of the order. Moreover, we see nothing in the record which would show that the oral notice of appeal given by appellant's counsel on May 29, 1969 was noted on the docket or embodied in the judgment or minutes of the court, as provided by Rule 353(a), Texas Rules of Civil Procedure. The Juvenile Court Act, Art. 2338–1, Sec. 21, however, seems to provide its own method of notice, to-wit: the giving of written notice of appeal within five days after the entering of the order. Such provision of the Juvenile Act became effective in 1943, and the Texas Rules of Civil Procedure became effective on September 1, 1941. We believe the provisions of the Juvenile Act are here applicable, effective and mandatory

The Court of Civil Appeals acquires no jurisdiction of an appeal where notice of appeal, if required, has not been given within the time prescribed by law. Howe v. Howe, 223 S.W.2d 944, (Tex.Civ.App.), writ ref.; Becnel v. Becnel, 336 S.W.2d 221, (Tex.Civ.App.), no writ; 3 Tex.Jur. 2d; Sec. 244, pp. 502–504. And see Rules 5 and 353, T.R.C.P.

Finding that we do not have jurisdiction of this appeal, we are compelled to dismiss it.

On Motion for Rehearing

BARRON, Justice.

In our original opinion we stated that in the hearing of March 29, 1969, appellant was represented by counsel appointed by the trial court. We correct our statement. Counsel was provided for appellant by the Legal Aid Clinic of Texas Southern University School of Law in response to appellant's request.

Appellant's motion for rehearing is overruled.