**Eddie G. REASONER, Minor, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 440.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 13, 1971.

Rehearing Denied Feb. 3, 1971.

Charles B. Everett, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Nickolas S. Barrera, Asst. Dist. Atty., Houston, for appellee.

TUNKS, Chief Justice.

This is a juvenile delinquency case. In a trial before the court, without a jury, the appellant, Eddie G. Reasoner, was found to be a juvenile delinquent by reason of having been in possession of a marijuana cigarette. He was, by the judgment from which this appeal is taken, placed in the custody of his mother, subject to the rules of probation of the Harris County Juvenile Probation Department.

█ The appellee has moved to dismiss this appeal upon the allegation that appellant did not, as required by Article 2338–1, Sec. 21, Vernon's Ann.Tex.Civ.St., file written notice of appeal within five days after the order adjudging him to be a delinquent was entered. As authority for its motion the appellee cites Champs v. State, 452 S.W. 2d 55 (Tex.Civ.App.1970), writ. ref., n. r. e. That motion is overruled. The order from which appeal is taken has written upon its face a statement to the effect that the attorney for appellant gave notice of appeal in open court. We hold that such writing on the face of the judgment constitutes compliance with the notice requirements of the statute cited.

On November 5, 1969, the appellant was a thirteen-year old student at a junior high school in Houston. A fellow student testified that on that date the appellant, while he and the witness were in the school building, showed him a hand-rolled cigarette identified it as marijuana and tried to sell it to him. Other testimony was that later in the day, still in the school building, the assistant principal accosted the appellant and asked him if he had any cigarettes on him. When he denied that he did appellant was requested to empty his pockets and he did so without revealing any cig-

arettes. Appellant was then asked to unlock his locker, and he did so. A search of the locker revealed a package of tobacco cigarettes and a lighter, but no hand-rolled cigarette. However, during the search of the locker appellant was seen trying to conceal something on his person. He was requested to surrender that item which he was trying to hide. It proved to be a marijuana cigarette.

The police and appellant's mother were called and asked to come to the school. Before appellant's mother arrived, appellant was taken to the principal's office and questioned at length. Appellant stated that the cigarette was given to him and that he did not know that it was marijuana. He was taken into custody by the police and turned over to the Harris County Juvenile Probation Department, who, in turn, released him to his mother, a widow. A juvenile delinquency charge was filed based upon his alleged illegal possession of marijuana. Such charge was the basis of the judgment from which this appeal was taken.

Before appellant was questioned by the school officials, he was not given the warning required by the holding of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, as a condition to the use of evidence obtained by questioning one accused of a crime. Nor was any warrant issued authorizing the search of appellant's locker or his arrest. The appellant filed a motion to suppress the evidence obtained as a result of the allegedly illegal improper interrogation and search. An extended hearing on that motion was held and the testimony of several witnesses, including appellant, was heard. The trial court considered the motion as being in the nature of a motion in limine. It was overruled, to which ruling appellant objected and excepted.

On March 24, 1970, the trial of the case on the merits before a jury began. Before that trial was completed the trial judge, because of a statement by a witness believed by the trial judge to be inadmissible

as evidence and prejudicial to the defendant, declared a mistrial.

On August 18, 1970, the case came on for trial again. On that occasion the parties agreed to waive a jury and submit the case to the court. The appellant's mother was appointed guardian ad litem. In the trial that followed no witnesses were called to testify in person. All of the evidence was received by virtue of stipulations made in open court. The parties stipulated that a copy of defendant's birth certificate, showing him to be thirteen years old at the date in question, might be received in evidence and it was so received. It was stipulated that a copy of a chemist's report, showing the cigarette taken from defendant to be marijuana, might be received in evidence, and it was so received. The attorneys then stipulated that testimony theretofore heard on the motion to suppress evidence and on the March 24, 1970 hearing that ended in a mistrial "be introduced into evidence." Counsel for the State then offered into evidence three depositions of three witnesses that had been taken. He asked counsel for defendant, "Do you object to that?" Defendant's attorney answered, "That is also part of our stipulation, no objection thereto." There then followed this exchange between Mr. Barrera, attorney for the State, and Mr. Everett, attorney for the juvenile:

Mr. Barrera: "Based on the stipulations which have been offered to the Court at this time by the State and by counsel, Your Honor, to the effect that the stipulations which show through the depositions and through the testimony that Eddie G. Reasoner on or about the 5th day of November, 1969, in Harris County and the State of Texas did then and there unlawfully possess a narcotic drug, to-wit: marijuana. Is that stipulated, Counsel, based on the evidence that we have—that has been introduced from the witnesses that the State has shown, and also brought before the Court in the depositions?"

Mr. Everett: "I think the evidence introduced and the depositions do show that there was marijuana, you know. If that is what he is asking for, I agree to it. If he is asking if he is guilty of the offense, I am not stipulating to that."

Not only did defendant's attorney agree with the statements by the attorney for the state as to the substance of the stipulations, but also, himself, stated to the court that the evidence heard on the motion to suppress "is to be considered as evidence adduced * * *." He also stated that the procedure being followed, that is the development of the evidence in such manner, was for the purpose of saving the time of the court and the litigants.

These unqualified stipulations by counsel for the defendant and the state would seem to eliminate any question as to error of the trial court in admitting any evidence. However, after both parties rested, without offering any other evidence, and after the trial court invited argument as to the "dispositional phase" of the case, the attorney for defendant argued at length to the effect that the evidence obtained as a result of the interrogation of the defendant, without his having been informed as to his constitutional rights, and as a result of the search of his locker and person was inadmissible and should not be considered by the court. This argument was taken by the court reporter and is included in the statement of facts filed in this case.

The appellant's first point of error is to the effect that the trial court erred in overruling his motion to suppress the evidence obtained by the allegedly illegal search and interrogation.

At no time during the lengthy statement by the attorneys as to the substance of their stipulations did the attorney for the defendant qualify them by saying that they were made subject to his right to object to the admissibility of the evidence contained in the transcripts of the former hearings and in the depositions. A literal construction of the statements made by the

attorneys requires a conclusion that they made an open court stipulation not only as to certain facts but also as to the admissibility of the transcripts and depositions. The two attorneys, in effect, jointly offered in evidence the testimony contained in the transcript of the former hearing and the depositions. Generally, stipulations of fact and as to admissibility of evidence made by attorneys in open court are in the nature of judicial admissions and are binding on the parties thereto, with some exceptions in criminal cases. Firemen & Policemen's Pension Fund Bd. of Trustees of San Antonio v. Guerrero, 395 S.W.2d 397 (Tex.Civ.App.1965), ref., n. r. e.; Locke v. State (1959), 168 Tex. Cr.R. 507, 329 S.W.2d 873; Vol. II, McCormick & Ray, Texas Law of Evidence, Sec. 1127, p. 24; 53 Tex.Jur.2d, Stipulations, Sec. 8, p. 320; 7 Tex.Jur.2d, Attorneys at Law, Sec. 54, p. 107.

We are aware of the fact that a guardian ad litem of a minor party to a lawsuit, or his attorney, cannot make admissions binding on the minor nor waive any of the minor's substantial rights. Watson v. Glenn, 82 S.W.2d 704 (Tex.Civ. App.), no writ hist. Thus the defendant in this case should not be held to be bound by his attorney's admission that the evidence showed him to have been in possession of marijuana. But this restriction on the authority of the attorney does not restrict him in his reasonable exercise of judgment as to the method of developing the evidence in the case. Nor does it permit an appellate court to reverse a judgment against a minor because the appellate court is of the opinion that different trial tactics by his attorney would more effectively have presented his case. Thus the defendant was bound by his attorney's joining with the state's attorney in offering in evidence the transcripts of the former hearings and the depositions. Those transcripts and depositions were replete with testimony as to the searches made and the results thereof. The appellant cannot effectively complain of the trial court's overruling the motion to suppress when his own counsel joined in the offer of the very evidence sought to be suppressed.

Judicial proceedings under Art. 2338–1, V.A.T.S., to determine whether or not a juvenile is delinquent and, if so, to provide for his disposition, are civil in nature. As such, they are conducted in accordance with the Texas Rules of Civil Procedure and the usual practices in the trial of civil cases except insofar as special statutes are involved. Those rules, practices and statutes, however, must give way to any different procedure that is necessary to meet "the basic requirements of due process and fairness." Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527; Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84. There is no provision in the Texas Civil Statutes nor in the Texas Rules of Civil Procedure specifically providing for a motion to suppress evidence such as is provided for in Art. 28.01, § 1(6), Vernon's Ann.C.C.P. There is, however, a well recognized and often used practice in the trial of civil cases of conducting a pretrial hearing which accomplishes substantially the same purpose in which, in civil trials, is called a motion in limine. That is why the trial judge in hearing the appellant's "Motion to Suppress" stated that he was considering it to be a "Motion in Limine." Under the rule of decision of the civil courts of this state, the overruling of a motion in limine cannot, of itself, constitute reversible error. Before error can be preserved as to the admission of the evidence which was the subject matter of the motion in limine the complaining party must object to the evidence when it is offered at the trial. Hartford Accident and Indemnity Co. v. McCardell (Tex.Sup.Ct.1963), 369 S.W.2d 331.

The appellant's first point of error to the effect that the trial court erred in overruling its motion to suppress, or motion in limine, is overruled.

Appellant's second point of error is based upon the argument that the school officials who interrogated the appellant and searched him and his locker are officers of the state and that their search without a warrant and interrogation without the Miranda warning were unlawful so that evidence so obtained was inadmissible and the trial court erred in basing its judgment thereon. The appellee, on the other hand, argues that the school officials in conducting the interrogation and search acted in loco parentis, not as officers of the state, so that the warning and warrant were not necessary to make the interrogations and search legal. We have been furnished with two recent authorities supporting the State's argument. One of those is the majority opinion of the Austin Court of Civil Appeals in Mercer v. State (Judge Hughes dissenting), 450 S.W.2d 715. The writ of error tables do not reflect any writ history on that case. We have, however, been furnished with a copy of the summary of the Supreme Court's orders pronounced on June 10, 1970. That summary includes the following:

"B-2039, Roger Lee Mercer v. The State of Texas; from Travis County; judgments of the Court of Civil Appeals and trial court are set aside; the case is ordered DISMISSED FOR MOOTNESS"

The other authority is a copy of the opinion of the Beaumont Court of Civil Appeals in Ranniger v. The State of Texas, 460 S.W.2d 181, delivered on November 12, 1970. In addition to the dissenting opinion of Judge Hughes in the Mercer case, for an argument supporting the appellant's contention, see XXII Baylor Law Review, 554, Redwine, Search & Seizure: Is the School Official a Policeman or Parent?

■ We decline to rule upon the question presented by these conflicting positions of these parties because such ruling as to a question of constitutional law is not necessary to the disposition of this case. See

Wood v. Wood (1959), 159 Tex. 350, 320 S.W.2d 807. This was a trial before the court without a jury. There were no findings of fact or conclusions of law. There was evidence, aside from that produced as a result of the complained of interrogation and search, sustaining the trial court's finding that the defendant was a delinquent by reason of his possession of marijuana. In fact, there are no points of error challenging the legal or factual sufficiency of the admissible evidence to support such findings. Under those circumstances the admission of the evidence complained of, even if it were erroneous, was harmless error, since it is presumed that the trial court disregarded any inadmissible evidence. Johnson v. State (Tex.Cr.App.), 428 S.W.2d 347; Gray v. Bird, 380 S.W.2d 908 (Tex.Civ.App.1964), writ ref., n. r. e.

Appellant's second point of error is overruled.

■ The substance of appellant's third and final point of error is in the following language:

"The trial court erred in entering judgment of delinquency against the minor defendant based on a 'felony' without the matter first being presented to a grand jury * * *."

This point of error, too, is overruled.

The Fifth Amendment to the Constitution of the United States provides, among other things, that one may not be tried for a "capital or otherwise infamous crime unless on presentment of a grand jury."

Article 1, Sec. 10 of the Constitution of the State of Texas, Vernon's Ann.St. provides: "No person shall be held to answer for a criminal offense, unless on indictment of a grand jury, except in cases where punishment is by fine or imprisonment otherwise than in the penitentiary."

It is appellant's contention that he was tried for the possession of marijuana, a felony punishable by imprisonment in the penitentiary under Art. 725b, Vernon's Ann. Texas Penal Code, without having

been indicted by a grand jury and that Art. 2338–1, in that it provides for such a trial, is violative of the above constitutional provisions and is unconstitutional and void.

The fallacy in appellant's argument is in the assumption that the statute authorized him to be, and he has been, tried for a "capital or otherwise infamous crime" or a crime punishable by imprisonment in a penitentiary. He was not tried for the crime of possessing marijuana, he was tried for the purpose of determining whether he was delinquent as evidenced by his possession of marijuana. If he had been tried and convicted under a criminal charge of possession of marijuana his penalty would have been imprisonment for from two years to life and he would have been placed in such status that conviction for a second offense would have been punishable by a minimum imprisonment of ten years, without any right of probation. Art. 725b, Sec. 23, Texas Penal Code. Other penalties would result such as civil disabilities and a public record of his conviction. On the other hand, under Art. 2338–1, Sec. 13, upon a finding of delinquency by reason of the possession of marijuana the most severe order that could have been rendered by the trial court would have been commitment to a "suitable public institution * * authorized to care for children * * * for an indeterminate period of time, not extending beyond the time the child shall reach the age of 21 years." He could not have been subjected to any civil disabilities nor would he have been made the subject of any public criminal record.

It is true that there was theoretical possibility that appellant could have been committed to and restrained within a public institution for a period of over six years. But that institution was not intended by law to be and is not in fact a penitentiary. To the extent that its facilities permit, it is operated to retain custody of and to rehabilitate juveniles. While its limited facilities may not be adequate to permit as extensive a rehabilitation program as would be desired, that lack of adequate facilities also often requires the release of juveniles from custody sooner than should be desired. Because of the lack of space the average retention of custody in the Texas juvenile rehabilitation institutions is from six to nine months. Thus, neither in theory nor in practice does the trial of juvenile delinquency under Art. 2338–1 constitute a trial for a capital or infamous crime, a felony or a crime punishable by imprisonment in the penitentiary.

Every state in the United States has a statute providing for trials concerning juveniles alleged to be delinquent by procedures different from those followed in the trial of adults accused of a crime. We have not been cited any case holding such a statute to be unconstitutional because it did not provide for indictment by a grand jury. In fact, Application of Gault, supra, 387 U.S. at p. 14, 87 S.Ct. 1428, 18 L.Ed.2d 527 and Kent v. United States, supra, 383 U.S. at p. 555, 86 S.Ct. 1045, 16 L.Ed.2d 84, by inference, indicate approval of trials of juvenile delinquency cases without grand jury indictment.

We hold that Art. 2338–1, V.A.T.S., in providing for a trial concerning a juvenile alleged to be delinquent, without any grand jury indictment having been returned, even in those cases where the alleged delinquency is by reason of fact which, if applicable to an adult, would have shown guilt of a felony, does not violate either the Fifth Amendment to the Constitution of the United States or Art. 1, Sec. 10 of the Constitution of the State of Texas. We also hold that in this case, in the trial resulting in an adjudication that the appellant was a juvenile delinquent by reason of the possession of marijuana, without a grand jury indictment, the appellant was not denied any constitutional right nor was this trial and the adjudication therein in disregard of "the basic requirements of due process and fairness."

The judgment of the trial court is affirmed.