**Cecil RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 11960.**

Court of Civil Appeals of Texas,
Austin.

Feb. 28, 1973.

Michael E. Grimes, Roundrock, for appellant.

Appellee did not file brief and did not argue.

PHILLIPS, Chief Justice.

This is an appeal from an order of the County Court, sitting as the Juvenile Court, of Williamson County. The order appealed from declared appellant, Cecil Rodriguez, a delinquent child and committed him to the custody of the Texas Youth Council. We reverse and vacate this judgment and dismiss these proceedings.

Before reaching the merits of this appeal, it is necessary that we first consider the state's contention that the appeal must be dismissed for want of jurisdiction. In this connection the State contends that, since it is undisputed that appellant did not file written notice of appeal within five days after this judgment was rendered, the notice requirement of Article 2338–1, § 21,

Vernon's Ann.Tex.St., has not been complied with, and this Court, consequently, has no jurisdiction to entertain this appeal. Champs v. State, 452 S.W.2d 55 (Tex.Civ. App.1970, writ ref. n. r. e. ). We note, however, that the final order of the trial court (the order denying appellant's amended motion for new trial) recites that the attorney for appellant did "then and there in open court . . . give notice of appeal". Apparently, no such statement appeared on the final order from which appellant sought unsuccessfully to appeal in the *Champs* case, above.

We hold that this statement, indicating appellant's intention to appeal, appearing upon the face of the final order of the trial court constitutes compliance with the notice requirement of Art. 2338–1, § 21, V.A.T.S. Reasoner v. State, 463 S.W.2d 55 (Tex.Civ.App.1971, writ ref. n. r. e.). Appellee's motion to dismiss is accordingly overruled.

Appellant is before this Court on four points of error. In sustaining his second point, we need not reach those remaining.[1] Appellant's second point is that the judg-

ment is void as a matter of law because appellant was not represented by counsel and had not waived counsel when he was adjudicated a delinquent and committed to the custody of the Texas Youth Council.

Appellant contends that he was denied counsel on March 29, 1972 at the hearing in which he was committed to the custody of the Texas Youth Council. Appellee contends neither that appellant was represented by counsel at this hearing nor that appellant waived counsel. Instead, appellee asserts that the March 29th hearing was not a critical point in these proceedings. It is appellee's position that appellant was actually adjudicated delinquent at a hearing held on February 25, 1972, and that it is the earlier hearing, rather than the March 29 hearing, to which we must look in order to determine whether appellant was represented by counsel as required by Article 2338–1, § 7–B, V.A.T.S.

The record discloses that a hearing of some kind was held on February 25, 1972, and that appellant was, in fact, represented by appointed counsel on that occasion. The State contends that appellant was, on

---

1. *"POINTS OF ERROR*
I.
"THE JUDGMENT OF THE JUVENILE COURT RENDERED MARCH 29, 1972, COMMITTING THE CUSTODY OF APPELLANT TO THE TEXAS YOUTH COUNCIL AND ADJUDGING HIM DELINQUENT WAS VOID AS A MATTER OF LAW, BECAUSE THE STATE'S PETITION (TR–5) FAILED TO SHOW THAT APPELLANT, CECIL RODRIGUEZ, CAME WITHIN THE STATUTORY DEFINITION OF A DELINQUENT CHILD, AS SET FORTH IN TEX. REV.CIV.STAT.ANN. 2338–1, § 3 (1943), OR THAT HE WAS CHARGED WITH ONE OF MORE MATTERS WHICH WERE SET FORTH AS DEFINITIONS OF A DELINQUENT CHILD.
". . .
III.
"THE JUDGMENT OF THE JUVENILE COURT RENDERED MARCH 29, 1972, COMMITTING APPELLANT TO THE CUSTODY OF THE TEXAS YOUTH COUNCIL AND

ADJUDGING HIM DELINQUENT WAS VOID AS A MATTER OF LAW BECAUSE THERE WAS NO SUMMONS OR NOTICE GIVEN TO THE PARENTS OF THE APPELLANT NOTIFYING THEM OF THE DELINQUENCY HEARINGS.
IV.
"THE JUVENILE COURT ERRED AND ABUSED ITS DISCRETION IN RENDERING ITS JUGMENT OF MARCH 29, 1972, COMMITTING APPELLANT TO THE CUSTODY OF THE TEXAS YOUTH COUNCIL AND ADJUDGING HIM DELINQUENT, BECAUSE THERE WAS NOTHING IN THE RECORD PERTAINING TO HOW THE APPELLANT'S WELFARE AND THE BEST INTEREST OF THE STATE WOULD BE SERVED BY PLACING HIM IN A STATE SCHOOL INSTEAD OF WITH HIS PARENTS AND THERE WAS NO EVIDENCE THAT APPELLANT HAD EVER BEEN IN TROUBLE BEFORE OR THAT HIS HOME CONDITIONS WERE DETRIMENTAL TO HIS WELFARE AND BEST INTERESTS."

that date, adjudicated delinquent and placed on probation by the court, but no such order appears in the record. To complete the State's argument, the hearing held on March 29, 1972, was nothing more than an administrative, ministerial act by which the court "formalized" its prior disposition of the case. We note that it was at this "administrative" hearing that appellant was committed to the custody of the Texas Youth Council.

■ This Court finds it unnecessary to examine and compare these two proceedings because it is our view that this appeal involves only a single hearing: the March 29 hearing. This is so because, as disclosed by the record, the State's petition upon which these proceedings must be based, was filed on March 29, 1972, and we think it elementary that the trial court was without jurisdiction either to declare delinquency or formally commit appellant to the custody of the Texas Youth Council until such petition was filed. Art. 2338–1, V.A.T.S. Therefore, regardless of how appellee would characterize this final hearing, it was the only hearing held after the court acquired jurisdiction of appellant, and this is the hearing to which we must look to determine whether there was compliance with Art. 2338–1, § 7–B, V.A.T.S. Since it is undisputed that appellant was denied counsel at this hearing, and since there is no evidence in the record that counsel was waived, we hold this judgment to be void. Appellant's second point is sustained. Art. 2338–1, § 7–B; In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); Lockamy v. State, 488 S.W.2d 954 (Tex.Civ. App.1972).

■ The record discloses that appellant has reached the age of seventeen years; therefore, having found error in the judgment, we hereby reverse and vacate the judgment and dismiss these proceedings. Carrillo v. State, 480 S.W.2d 612 (Tex. 1972).

Reversed and vacated, proceedings dismissed.