**In the Matter of S. J. C.**

**No. 6429.**

Court of Civil Appeals of Texas, El Paso.

March 19, 1975.

Rehearing Denied April 16, 1975.

Trenchard, Davis & Hardwick, Clifford J. Hardwick, Odessa, for appellant.

Bill McCoy, County Atty., Alex Le-Feuvre, Mike Atkins, Asst. County Attys., Odessa, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

Appellant was found by the Court, sitting without a jury, to be a juvenile delinquent and was committed to the care, custody and control of the Texas Youth Council. The verdict that he engaged in delinquent conduct is based entirely on the uncorroborated testimony of an accomplice, so the question presented is whether the Appellant can be found delinquent on the testimony of an accomplice in view of Vernon's Tex.Code Crim.Proc.Ann. art. 38.14.

The case against Appellant arose out of an armed robbery of a business establishment in which $125.00 cash was taken. The only evidence linking Appellant to the armed robbery is that of the testimony of the accomplice witness, who was in fact found by the Court to be an accomplice witness. The trial Court also found as a fact that there was no evidence which corroborated the testimony of the accomplice witness, and the trial Court found as a matter of law that corroboration of the accomplice's testimony is not required in order to adjudicate a child guilty of having engaged in delinquent conduct. It is this matter of law that is the sole point of error in this case. We are of the opinion that the trial Court's order should be affirmed. .

Article 38.14 of the Texas Code of Criminal Procedure provides that a conviction may not follow unless there is corroboration of accomplice testimony, and such corroborating evidence must link the accused to the crime. It is also well established by the case law of Texas that in a criminal proceeding where the testimony of

an accomplice is uncorroborated by evidence connecting the defendant with the commission of the crime, then the defendant must be acquitted. Colunga v. State, 481 S.W.2d 866 (Tex.Cr.App.1972); Rainey v. State, 401 S.W.2d 606 (Tex.Cr.App.1966); O'Neal v. State, 421 S.W.2d 391 (Tex.Cr.App.1967). Appellant strongly urges the unfairness, that solely because of an age differential, a juvenile may be found to have engaged in delinquent conduct based solely on the uncorroborated testimony of an accomplice witness. He cites the basis of the rule requiring corroboration as being that the testimony of an accomplice is considered to be inherently untrustworthy for the reason that he may testify against the defendant in the hope of obtaining clemency for himself. VII Wigmore on Evidence § 2057 (1940, Supp. 1972). Of this we have seen much in the so-called Watergate trials of recent times. Unfair it may be, but it is not violative of the essentials of due process and fair treatment required by the Constitution of this State or the United States. The Legislature of this State in its wisdom has seen fit to set up a statutory procedure to determine whether or not a juvenile is delinquent and if so to provide for his disposition. By other statutes it has prescribed a different procedure for adults in purely criminal trials. What Appellant is asking this Court to do is to let him have the benefits of the juvenile proceedings yet reach into the criminal proceedings and apply Article 38.14 thereof to his case. This we cannot do without changing what the Legislature has done and thus violate the principles of separation of powers. Title 3 of the Texas Family Code and the Texas Rules of Civil Procedure exclusively govern all juvenile delinquency proceedings in Texas. Title 3 of the Family Code provides:

"Except when in conflict with a provision of this title, the Texas Rules of Civil Procedure govern proceedings under this title. * * *." Tex. Family Code Ann. § 51.17.

This product of the Legislature became effective on September 1, 1973. It codified and incorporated the essential and fundamental procedural rights which are the basic requirements of due process and fairness enunciated by the landmark cases decided since the enactment of the prior juvenile code, Vernon's Tex.Rev.Civ.Stat. Ann. art. 2338–1. In incorporating these essential and fundamental due process rights into the Texas juvenile law, the Legislature did not include a provision such as Article 38.14 of the Code of Criminal Procedure. As indicated, we as a Court do not have the power to place that statute of the Criminal Code within the juvenile section of the Family Code. We do not make this determination on the simple basis that the juvenile laws are "civil" and the Code of Criminal Procedure deals with "criminal" laws, but for the sole reason that the Legislature has enacted laws setting up these procedures and this Court is bound to follow those laws unless they are in conflict with a higher law—that is, a constitutional right. This Court then is bound by the statutory enactments of the Legislature applicable to this case unless it can be said that the requirement of corroboration of accomplice testimony is necessary to meet the basic requirements of due process of constitutional law. Such right is not enunciated in either the Texas or the United States Constitutions. Rather, as we have seen, it is statutory in Texas. Only about one-half of the States of the United States have enacted statutes similar to Article 38.14. VII Wigmore on Evidence § 2056. And as to the Federal law, it is held in United States v. Augenblick, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537, 543 (1969), that a paragraph of the Manual for Courts-Martial similar to Article 38.14 is merely a rule of evidence, and the Supreme Court said:

" * * * When we look at the requirements of procedural due process, the use of accomplice testimony is not catalogued with constitutional restrictions."

We have been cited to no case, and our research has revealed none, which holds that Article 38.14 is fundamental to the due process requirement of proof beyond a reasonable doubt. We are of the opinion that corroboration of accomplice testimony is not a constitutionally guaranteed fundamental right before one can be found to have engaged in delinquent conduct.

The judgment of the trial Court is affirmed.