**In the Matter of S. J. C.**

**No. B–5330.**

Supreme Court of Texas.

Jan. 28, 1976.

Rehearing Denied March 3, 1976.

Clifford J. Hardwick, Odessa, for petitioner.

Bill McCoy, County Atty., Alex P. Lefeuvre and Michael D. Atkins, Asst. County Attys., Odessa, for respondent.

DENTON, Justice.

This is an appeal from a judgment entered by the Judge of the Ector County Court at Law, sitting as a Juvenile Court, which declared appellant, a male 15 years of age, a juvenile delinquent, and committed him to the custody of the Texas Youth Council, pursuant to Title 3, of the Texas Family Code. The petitioner's contention is that the holding that a juvenile may be adjudicated a juvenile delinquent solely on the uncorroborated testimony of an accomplice witness is contrary to the requirements of due process and equal protection. The court of civil appeals did not agree with this contention and affirmed the judgment of the trial court. 521 S.W.2d 286 (Tex.Civ.App.1975).

On August 14, 1974, an armed robbery occurred at a restaurant in Odessa, Texas. An employee on duty at the time of the offense reviewed a police line-up and identified only the man who held the gun during the robbery. The accomplice witness, identified by the witness in the police line-up, testified at the hearing that he held the gun and that he and the petitioner here both participated in the armed robbery. The State on its own motion agreed to strike all of the witness' testimony concerning the in-court identification of the petitioner, leaving the record void of any evidence linking petitioner to the armed robbery other than the testimony of the accomplice witness. The trial court found that petitioner did engage in delinquent conduct and committed him to the custody of the Texas Youth Council.

The sole question presented is whether the petitioner, a juvenile, having been found to have engaged in delinquent conduct based solely on the uncorroborated testimony of an accomplice witness, was denied due process and equal protection guaranteed by the Fourteenth Amendment.

Under Article 38.14, Vernon's Ann.C.C.P., the testimony of an accomplice witness

must be corroborated. It is settled in Texas that a conviction of an adult cannot be had upon the testimony of an accomplice unless such testimony is corroborated by other evidence tending to connect the defendant with the offense charged. *Jackson v. State*, 516 S.W.2d 167 (Tex.Cr.App.1974); *Colunga v. State*, 481 S.W.2d 866 (Tex.Cr.App.1972).

Petitioner takes the position that Article 38.14, Vernon's Ann.C.C.P., should apply to an adjudication hearing under Title 3 of the Texas Family Code. It is not petitioner's contention that the rule requiring corroboration of accomplice testimony is fundamental in and of itself, but merely that as adults are given this safeguard in Texas it will be in violation of due process and equal protection for a juvenile to be deprived of this safeguard and be found to have engaged in delinquent conduct.

The U. S. Supreme Court has considered a series of cases which applied due process protection factors in the trial of juveniles. *Haley v. Ohio*, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948), concerned the admissibility of a confession taken from a 15 year old boy on trial for murder. It was held that the due process clause barred the use of the confession. *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), concerned a 16 year old boy charged with housebreaking, robbery and rape. The court held that procedural rights given an adult should not be denied children merely because juvenile proceedings are characterized as civil in nature. There the court considered requirements for a vested waiver of the exclusive jurisdiction of the Juvenile Court of the District of Columbia in order that a juvenile could be tried in the district court as an adult. The court held it was necessary that "basic requirements of due process and fairness," be satisfied in considering the validity of such waiver of jurisdiction.

*In Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), concerned a 15 year old boy, already on probation, who was committed in Arizona as a juvenile delinquent upon a complaint of lewd remarks by telephone. After reviewing the cases cited above, the court observed: "accordingly, while these cases relate only to restricted aspects of the subject, they unmistakably indicate that, whatever may be their precise impact, neither the Fourteenth Amendment nor the Bill of Rights is for adults alone." 387 U.S. 13, 87 S.Ct. 1436, 18 L.Ed.2d 538. The court held due process in juvenile proceedings embraced adequate written notice; advice as to the right of counsel; confrontation and cross examination; and the privilege against self incrimination. *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), concerned the single question whether proof beyond a reasonable doubt is among the "essentials of due process and fair treatment" required during the adjudicatory stage when a juvenile is charged with an act which would constitute a crime if committed by an adult. After reviewing the holdings of *In Re Gault*, the court concluded that fundamental fairness requires the State to prove delinquent conduct beyond a reasonable doubt. In *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971), the court considered the question whether the Due Process Clause of the Fourteenth Amendment assures the right to trial by jury in the adjudicative phase of a State Juvenile Court delinquency proceeding. The court again reviewed the series of cases dealing with the constitutional requirements guaranteed in juvenile proceedings. The court concluded that trial by jury in the court's adjudicative stage is not a constitutional requirement. The court reasoned that in our legal system the jury is not a necessary component of accurate fact finding. While recognizing that there is nothing to prevent juvenile judges, in a particular case, from using an advisory jury, the court noted that as of that time some 28 states and the District of Columbia deny by statute a juvenile a right to a jury trial. The same result is reached in five other states by judicial decision. In ten states, including Texas, the statute provides

for a jury trial under certain circumstances.[1]

From a review of the above cases—Haley, Kent, Gault, Winship, and McKeiver—it is clear that some of the constitutional requirements attendant upon State criminal trials also have application in State juvenile proceedings adjudicative in nature. Among those which we have pointed out are the right to appropriate notice, to counsel, to confrontation and cross-examination, the privilege against self incrimination, and the standard of proof beyond a reasonable doubt. However, the courts have not held that *all* rights constitutionally assured to an adult accused of a crime also are to be enforced or made available to juveniles in delinquency proceedings. In fact, the U. S. Supreme Court has specifically refrained from going that far. In *Kent*, 383 U.S. at 562, 86 S.Ct. 1057, 16 L.Ed.2d at 97; and *In Re Gault*, 387 U.S. at 30, 87 S.Ct. 1445, 18 L.Ed.2d at 548 we find the following language: "We do not mean by this to indicate that the hearing to be held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment." It is to be noted that Title 3 of the Texas Family Code has adhered to the holdings of Kent, Gault and Winship by providing for each of these constitutionally protected safeguards: (1) notice of charges, Family Code § 53.04(d); (2) right to counsel, Family Code § 51.10; (3) self incrimination, Family Code § 54.-03(e); (4) confrontation and cross-examination, Family Code, § 54.03(b); and (5) standard of proof beyond a reasonable doubt, Family Code § 54.03(f).

The juvenile judge in the instant case found from the evidence beyond a reasonable doubt that this petitioner, a juvenile, did engage in delinquent conduct, namely, armed robbery. The court finding was based solely on the testimony of an accomplice, who testified that he and the petitioner participated in the armed robbery. Does the absence of corroborated testimony of the accomplice witness prevent the juvenile hearing from measuring up to the essentials of due process and fair treatment, where a like conviction of an adult would not be upheld? Only about one half of the states of the United States have enacted statutes similar to Art. 38.14, Vernon's Ann.C.C.P., requiring the testimony of an accomplice witness to be corroborated. VII Wigmore on Evidence, § 2056. Federal rules of evidence do not embrace the requirement of corroboration of accomplice testimony to sustain a criminal conviction. In *U. S. v. Augenblick*, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969), the Court of Claims granted relief in a back-pay suit filed by a serviceman because of a defect in the military court decision in which the serviceman was sentenced to reduction in rank, partial forfeiture of pay and confinement for six months. The Court of Claims granted the relief because of the provision of the Manual for Courts-Martial which states that the court-martial "cannot" base a conviction "upon the uncorroborated testimony of a purported accomplice in any case, if such testimony is self-contradictory, uncertain, or improbable." The U. S. Supreme Court reversed the lower court and said: "the paragraph regarding accomplice testimony is a statutory rule of evidence. Such rules do not customarily involve constitutional questions." The court continued: "Rules of evidence are designed in the interest of fair trials. But unfairness in result is no sure measure of unconstitutionality. When we look at the requirements of procedural due process, the use of accomplice testimony is not catalogued with constitutional restrictions." We therefore conclude that the adjudication of a juvenile delinquent solely upon the uncorroborated testimony of an accomplice is not in violation of due process and equal protection. The juvenile judge invoked the essentials of the due process and fair treatment, including the standard of proof beyond a reasonable doubt. If the

---

1. Texas Family Code § 54.03(c).

admissible evidence establishes delinquent conduct beyond a reasonable doubt, the constitutional evidentiary requirement has been met. Uncorroborated accomplice testimony goes to the weight of the evidence to be considered by the trier of facts. Such testimony does not alter the standard of proof required by due process.

The judgments of the courts below are affirmed.

Dissenting opinion by McGEE, J., in which STEAKLEY and POPE, JJ., join.

McGEE, Justice (dissenting).

I respectfully dissent. It is clear that the record before us is devoid of any evidence linking the juvenile petitioner to the armed robbery aside from the sole testimony of the accomplice witness.

The majority has held that under appropriate United States Supreme Court guidelines, the juvenile judge in this controversy complied with the essentials of due process and fair treatment, including the application of the standard of proof beyond a reasonable doubt. While I have no quarrel with their reading and interpretation of the applicable federal law up to a point, I do sincerely maintain that the majority's review falls short of a proper analysis of the real question confronting us.

It is not the contention of the petitioner that the rule requiring corroboration of accomplice testimony is fundamental in and of itself. He basically contends that as adults are granted this safeguard in Texas, it would be a violation of due process and equal protection to deprive a juvenile of such a protective device and thereby be found to have violated a Texas penal law. The petitioner maintains that certain essential safeguards must be employed in a juvenile case if he is to be fairly treated.

Following the holdings of *Kent, In re Gault,* and *In re Winship,* Texas law relative to juvenile proceedings was required to be somewhat revamped. Title 3 of the Texas Family Code was drafted so as to follow the basic tenets set forth in the above decisions, thereby affording to juveniles in many respects substantially the same safeguards available to adults. The Texas Code of Criminal Procedure requires the testimony of an accomplice witness to be corroborated. Tex.Code Crim.Proc.Ann. art. 38.14 (1966). Thus, the Texas decisions have held that the uncorroborated testimony of an accomplice witness will not sustain an adult conviction since "an accomplice witness is a discredited witness because his testimony alone cannot furnish the basis for a conviction." Tex.Code Crim.Proc.Ann. art. 38.17; *O'Neal v. State,* 421 S.W.2d 391 (Tex.Cr. App.1967); *Cast v. State,* 164 Tex.Cr. 3, 296 S.W.2d 269 (1956). The test of the sufficiency of the corroboration is to eliminate the evidence of the accomplice from consideration and then to examine the testimony of the other witnesses to determine if there is inculpatory evidence. *Colunga v. State,* 481 S.W.2d 866 (Tex.Cr.App.1972). In essence, the uncorroborated testimony of an accomplice witness, standing alone, cannot establish the guilt of an adult beyond a reasonable doubt. *Standfield v. State,* 84 Tex.Cr. 437, 208 S.W. 532 (1918). The United States Constitution has also been interpreted to require proof beyond a reasonable doubt in juvenile cases, and the pertinent Texas statute so provides. Tex.Family Code Ann. § 54.03(f) (1975); *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). *See, State v. Santana,* 444 S.W.2d 614 (Tex.1969), vacated and remanded, 397 U.S. 596, 90 S.Ct. 1350, 25 L.Ed.2d 594 (1970). *George v. State,* 506 S.W.2d 275 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ).

The reason behind holding that such accomplice testimony must be corroborated is obvious—there is a high probability that such testimony may be untrustworthy. For instance, the accomplice may testify adversely to his cohort in an attempt to curry favor with the authorities. The problem of untrustworthiness exists whether it is an adult or a juvenile's rights that are at stake. It is patently obvious that the

weight that should be ascribed to uncorroborated accomplice testimony should in no way depend upon the age of the "accused." Such a factor is clearly irrelevant and such a discriminatory distinction can serve no useful purpose. Thus, when analyzed from this perspective, it is clear that the need also exists for corroboration of an accomplice's testimony in a juvenile adjudication hearing.

There can be no valid basis for such a discriminatory distinction between juveniles and adults when the ultimate outcome in either case may be actual physical confinement. See, Gault, supra. Such an arbitrary classification may not be justified in Texas on the grounds that the juvenile is a protected species under the law and that he is removed from the taint of criminality through the workings of a protective, rehabilitation-oriented system of justice. In a situation such as the one now before us, the protection of the child rationale clearly breaks down. The mere fact that a proceeding is labeled "civil" rather than "criminal" is no justification for denying basic rights to a juvenile that are afforded to adults. If anything, it is more logical under the protective concept of parens patriae that the legislature and courts should be more cautious with regard to the requirements that concept demands; especially prior to attaching to the juvenile the stigmas of being institutionalized and being declared a delinquent. Note, 27 Baylor L.Rev. 777 (1975). While the protection of the juvenile is often a valid rationale, it can have little application to the present case where the potential consequence to be faced by either juvenile or adult is the same—a deprivation of liberty. Given this specific factual pattern, no state interest justifies such discriminatory treatment.

The denial of equal protection is obvious and the consequences alarming. In this case the accomplice witness admitted committing a $125 armed robbery; if instead an individual had been murdered, it is very likely that both these youths would have been certified for transfer for trial as an adult in the criminal court whereupon Art. 38.17 of the Texas Code of Criminal Procedure would have required an acquittal of our petitioner since the only evidence linking him to the crime was the uncorroborated testimony of an accomplice. See, Tex. Family Code Ann. § 54.02 (1975). As a further example, suppose that this robbery had instead involved three individuals—two juveniles and one adult. Under the present facts, a juvenile accomplice would then testify against our juvenile petitioner and the adult, equally implicating them both. This uncorroborated accomplice testimony would be the only evidence linking either the juvenile or the adult to the crime. Under Texas law as it presently exists, it would be required that the adult be released and yet, the juvenile would be subject to confinement. This is indeed a curious anomaly—a juvenile is subject to confinement when an adult would be set free.

The denial of the juvenile petitioner's constitutional right to equal protection is palpably evident. I fear that the holding of the majority in the present case has subjected this juvenile to the "worst of both worlds."[1] See, Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). I would reverse the judgment of the court of civil appeals.

STEAKLEY and POPE, JJ., join in this dissent.

1. I feel that the majority's reliance on United States v. Augenblick, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969) is misplaced. It would seem that any lack of corroboration was evident only in the investigatory stage of the proceeding. More importantly, the facts are dissimilar and that decision analyzed procedural due process and not the equal protection question presently before us.