**In the Matter of J_____ C_____.**

No. 5801.

Court of Civil Appeals of Texas, Waco.

Sept. 15, 1977.

Michael B. Smithers, Cornelius, Powell & Perkins, New Braunfels, for appellant.

Ogden L. Bass, Jr., Criminal Dist. Atty., A. B. Crother, Jr., Asst. Crim. Dist. Atty., Angleton, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from judgment of the trial court, modifying a disposition in a juvenile proceeding, and committing appellant to the Texas Youth Council.

The trial court on September 24, 1976 found appellant "in need of rehabilitation" because he committed a burglary; decreed him under control of the court; and placed him on probation and in the custody of his mother. The conditions of his probation included that he not violate the law, not associate with persons on probation and that he be in regular attendance at school.

Appellant was picked up for a burglary on February 2, 1977 and placed in detention. On February 3, 1977 Honorable Michael B. Smithers, attorney at law, was appointed to represent appellant. Mr. Smithers had previously represented appellant in the September 1976 proceedings. On February 7, 1977 petition to modify disposition (revoke probation) was filed alleging appellant had violated the conditions of his probation by committing burglary, associating with persons on probation, and not attending school. Hearing was set on such petition to revoke probation for February 15, 1977. Mr. Smithers filed 1st motion for continuance asserting he had not had sufficient time to prepare a defense for appellant; and when such motion was denied filed 2nd motion for continuance asserting he was entitled to 10 days from date of filing petition (February 7) before trial. This motion was denied.

Trial was had on February 15 and 16, 1977 to determine if appellant had violated conditions of his probation; and trial was had on February 23, 1977 to determine disposition, after which appellant was committed to the Texas Youth Council.

Appellant appeals on one point. "This case should be reversed because appellant

was denied fundamental due process in that appellant's appointed attorney was not afforded 10 days, from the date of filing of the Petition for Hearing to Modify Disposition, in which to prepare a defense."

Section 54.05 of the Family Code: Hearing to Modify Disposition provides in subjection (d) "a hearing to modify disposition shall be held on the petition of the child and his parent, * * * or on petition of the State, or the court itself. *Reasonable notice of a hearing to modify disposition shall be given to all parties.*"

Prior to the Family Code Article 2338–1 V.A.T.S. provided counsel was entitled to 10 days to prepare for trial, but this was repealed by the Family Code which provides for "reasonable notice".

In the instant case Mr. Smithers had represented appellant in his initial trial in September 1976; appellant was picked up for a burglary on February 2, 1977 and on February 3, 1977 Mr. Smithers was appointed by the court to represent him. The State's Motion to Modify Disposition (revoke probation) was filed on February 7, 1977, and trial held in 2 stages: 1) trial for the February 1, 1977 burglary on February 15, 1977 at 3 P.M.; and 2) trial to determine disposition on February 23, 1977.

Mr. Smithers had notice of his appointment 12 and 20 days before hearing; and had 8 and 16 days' notice after the petition of the State was filed. And Mr. Smithers had represented appellant on his September 1976 trial.

Mr. Smithers was entitled to "Reasonable Notice" under Section 54.05 of the Family Code. "Reasonable Notice" of hearing to modify disposition is all that is required. *In re D. E. P.*, Tex.Civ.App. (Houston 14) NWH, 512 S.W.2d 789.

Our Supreme Court in *In the Matter of S. J. C.*, 533 S.W.2d 746 held fundamental due process rights must be afforded a juvenile; but further held this does not mean that a juvenile is entitled to all the rights assured an adult accused of crime; and notes that the Texas Family Code as provided for constitutionally protected safeguards.

We hold that the notice given appellant's counsel was reasonable notice, and that such is all that was required. Appellant's point is overruled.

AFFIRMED.