In the Matter of M.R.R., Jr.,
a Minor, Appellant

v.

The STATE of Texas, Appellee.

No. 04-94-00571-CV.

Court of Appeals of Texas,
San Antonio.

May 17, 1995.

Ed Bartolomei, Law Offices of Edward A. Bartolomei, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., San Antonio, for appellee.

Before CHAPA, C.J., and LOPEZ and GREEN, JJ.

## OPINION

**PER CURIAM.**

The appellant seeks to file a late statement of facts in an appeal from a judgment of juvenile delinquency. A jury found the appellant guilty of capital murder and sentenced him to forty years in prison under the determinate sentencing provisions of the Family Code. *See* TEX.FAM.CODE ANN. § 54.04(d)(3) (Vernon Supp.1995). Appellant was fourteen years old when he was sentenced.

The judgment was signed on July 28, 1994. The appellant filed a notice of appeal on August 22, 1994. We issued a show cause order because the appellant had not filed the correct document to perfect the appeal, and on October 21, 1994, he filed an affidavit of inability to pay costs of appeal. The statement of facts was due on September 26, 1994,

and a motion for extension was due on October 11, 1994. Counsel for the appellant did not file a timely motion for extension of time to file the statement of facts.

■ The appellant now seeks leave to file a late statement of facts, contending that our refusal to allow him to file the statement of facts would deprive him of effective assistance of counsel. The Texas Rules of Appellate Procedure only allow us to permit late filing of the statement of facts in criminal cases. *See* TEX.R.APP.P. 53(m) & 83. In juvenile cases, the civil rules apply. The question before us is how the extra-procedural safeguards in the Family Code interact with the Texas Rules of Appellate Procedure pertaining to the filing and consideration of a late statement of facts. We conclude that where Title 3 of the Family Code conflicts with the rules, it acts as an exception to their general applicability. Therefore, we grant the appellant leave to file a late statement of facts.

## CIVIL RULES APPLY

■ The Family Code provides that the requirements governing an appeal in a juvenile case are as in civil cases generally. TEX. FAM.CODE ANN. § 56.01(b) (Vernon 1975); *In re G.A.O.*, 854 S.W.2d 710, 713 (Tex.App.—San Antonio 1993, no writ). While juvenile proceedings are procedurally civil, their subject matter is quasi-criminal; many of the protections and due process concerns applicable in criminal proceedings also protect the accused juvenile. *In re D.B.*, 594 S.W.2d 207, 209 (Tex.Civ.App.—Corpus Christi 1980, no writ). The legislature incorporated fundamental due process rights into Title 3 of the Family Code. *In re S.J.C.*, 521 S.W.2d 286, 287 (Tex.Civ.App.—El Paso 1975), *aff'd,* 533 S.W.2d 746 (Tex.1976) (reviewing other issues), *cert. denied,* 429 U.S. 835, 97 S.Ct. 101, 50 L.Ed.2d 100 (1976). For example, by making Title 3 govern where civil trial rules conflict with that title, section 51.17 allows the civil procedure to accommodate constitutional concerns ordinarily associated with criminal trials.

■ Similarly, sections 56.01 and 56.02 provide several safeguards of fundamental

rights, including a right to assistance of counsel and a right to appeal. TEX.FAM.CODE ANN. § 56.01 & 56.02 (Vernon 1975 & Supp. 1995). These safeguards constitute substantive rights that the rules of procedure may not abridge, enlarge, or modify. TEX.GOV'T CODE ANN. § 22.004(a) (Vernon 1988).[1]

## JUVENILES ARE ENTITLED TO EFFECTIVE ASSISTANCE OF COUNSEL

Section 51.10 of the Family Code entitles a child to representation of counsel at every stage of proceedings under Title 3 of the code.[2] Section 56.01 specifically provides a right to an appeal and a right to counsel on appeal. TEX.FAM.CODE ANN. § 56.01(d) (Vernon Supp.1995). Section 56.02 makes counsel responsible for either (1) paying for a statement of facts and getting it filed in time for consideration or (2) filing an affidavit of inability on behalf of the appellant's parent(s). Obviously, these provisions deviate from the general statement in section 56.01(b) that the requirements governing an appeal are as in civil cases generally. The right to an appeal includes the right to a record sufficient for meaningful review. *Griffin v. People of the State of Illinois,* 351 U.S. 12, 17–21, 76 S.Ct. 585, 590–91, 100 L.Ed. 891 (1956). The failure to file a statement of facts raises the question of whether counsel rendered effective assistance in perfecting and pursuing a meaningful appeal. *Ward v. State,* 740 S.W.2d 794, 796 (Tex. Crim.App.1987). The Texas Court of Criminal appeals has held that counsel's failure to file a statement of facts "operated to deny appellant an opportunity at a meaningful time and in a meaningful manner to present his appeal." *Ward,* 740 S.W.2d at 800 (citing *Evitts v. Lucey,* 469 U.S. 387, 394–95 n. 6, 105 S.Ct. 830, 835 n. 6, 83 L.Ed.2d 821 (1985)); *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). The absence of a statement of facts would render the appellant's appeal a "meaningless ritual." *Evitts,* 469 U.S. at 394, 105 S.Ct. at 834; *Ward,* 740 S.W.2d at 800.

Thus, the right to appeal and the right to counsel provided in § 56.01–02 require us to consider the statement of facts. However, Texas Rule of Appellate Procedure 83 does not allow us to consider a late statement of facts, absent a timely motion for extension. TEX.R.APP.P. 83 ("the court may make no enlargement of the time for filing the transcript and statement of facts except pursuant to paragraph (c) of Rule 54" [timely motion for extension]); *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860, 862 (Tex.1982) (interpreting Rule 83 when it was located at Rule 21c).

We must harmonize the statute and the rules if possible. *La Sara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558, 565 (Tex.1984) ("courts are to construe statutes so as to harmonize with other relevant laws, if possible"). Since juvenile proceedings are "quasi-criminal," one way to attempt this would be to construe this as a "criminal case" under Rules 53(m) and 83. Both the Court of Criminal Appeals and the Texas Supreme Court approved these rules. Rule 53(m) authorizes late filing of a statement of facts in criminal cases. Rule 83 allows late filing in criminal cases upon a showing that the appellant otherwise may be deprived of effective assistance of counsel. While this would harmonize the specific sections at issue, the same reasoning would make every appellate rule for criminal appeals that the Supreme Court approved also applicable to juvenile appeals. This would conflict with and completely abrogate the provision in section 56.01(b) that the requirements governing a juvenile appeal are as in civil cases generally, and throw the entire appellate procedure for juvenile cases into disarray. *See* TEX.GOV'T CODE ANN. § 311.021 (Vernon 1988) (pre-

---

1. We express no opinion regarding the loss or waiver of the right to appeal by means other than ineffective assistance of counsel.

2. The Austin court of appeals held an adjudication of delinquency made without counsel was void in *Rodriguez v. State,* 491 S.W.2d 760, 762 (Tex.Civ.App.—Austin 1973, no writ) (citing the Juvenile Act, Vernon's Annotated Civil Statutes, art. 2338–1, § 7, which was codified into various locations in Title 3, and *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (holding that many constitutional procedural rights ordinarily associated with criminal trials apply in juvenile delinquency proceedings)).

sumption that the entire statute is intended to be effective).

However, treating the substantive rights in section 56.01 as exceptions to the general applicability of civil appellate procedure reasonably harmonizes them with section 56.01(b). Appeals can be conducted as in civil appeals generally, yet be subject to the exceptions set forth in the same statute. *See* TEX.GOV'T CODE ANN. § 311.026 (Vernon 1988).

The Texas Supreme court recently reaffirmed the applicability of the civil rules of trial procedure in *In re M.R.*, 858 S.W.2d 365, 366 (Tex.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 894, 127 L.Ed.2d 87 (1994). Section 51.17 of the Family Code expressly makes the civil trial rules apply to juvenile proceedings except when they conflict with Title 3. In *In re M.R.*, unlike the present case, there was no conflict. Therefore, the court stated that the trial rules required a motion for new trial before the court of appeals could consider factual sufficiency questions.

In the present case, counsel did not file a request for an extension, and did not even file the affidavit of inability to pay costs until ten days after the deadline for filing an extension. Based upon counsel's failure to timely file the affidavit of inability or a request for extension, we find that refusing to consider the statement of facts would deprive the appellant of effective assistance of counsel. *See Ward*, 740 S.W.2d at 800 ("[T]he failure of counsel ... to comply with a simple procedural rule operated to deny appellant an opportunity at a meaningful time and in a meaningful manner to present his appeal."). Given the length of the sentence the appellant might have to serve in this case, it is particularly important to implement the statutory protections in the Family Code. *See In re Winship*, 397 U.S. 358, 365, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970) (reaffirming statement in *In re Gault* that, despite the "civil" label attached to juvenile proceedings, a proceeding that may deprive the child of his liberty for years is comparable in seriousness to a felony prosecution). We conclude that Rule 83 prohibits us from considering the statement of facts, but that it must yield

to the substantive provisions of section 56.01. Accordingly, we grant leave to file the statement of facts.