COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO.
2-02-121-CV
 
IN THE MATTER OF R.D.B.
 
------------
FROM THE 323RD DISTRICT COURT OF
TARRANT COUNTY
------------
OPINION
------------
The trial court adjudicated
appellant as having engaged in delinquent conduct by committing the felony
offense of burglary of a habitation and committed appellant to the Texas Youth
Commission for an indeterminate period of time. In one point on appeal,
appellant asserts that he received ineffective assistance of counsel because his
trial attorney did not challenge the information contained in reports reviewed
by the trial court judge before the commitment hearing. We affirm.
Thirteen-year-old appellant was
living in a foster home on October 26, 2001, when he and two other juveniles
burglarized the next door neighbor's home. On October 31, the State filed a
petition alleging that appellant had engaged in delinquent conduct by entering a
habitation without the effective consent of the owner with the intent to commit
theft and by committing theft. The trial court held an adjudication and
disposition hearing on November 8.
At the adjudication and disposition
hearing, appellant signed a stipulation of evidence and waiver of jury trial and
admitted the truth of the allegations in the State's petition. The trial court
observed that this was appellant's third offense in three months and the fifth
time appellant had been referred to the juvenile court. Appellant was first
referred for running away from his foster home in September 2000. He was
referred in June 2001 for an assault, but the case was dismissed. In July 2001,
he was adjudicated on another assault and placed on one year's probation. In
August 2001, he was adjudicated for criminal trespass and received a second,
concurrent probation. Appellant also failed to identify himself to a police
officer when the officer tried to serve a directive on him. The trial court
adjudicated appellant delinquent and recessed the disposition hearing for ninety
days. The court ordered appellant to a therapeutic foster home and further
ordered him to commit no further crimes, attend school, and follow the rules of
the foster home. The trial court warned appellant that failure to comply with
these conditions would result in his commitment to the Texas Youth Commission.
The trial court reconvened the
disposition hearing on January 16, 2002 and considered reports detailing
appellant's conduct since the prior hearing. According to those reports,
appellant had run away from the therapeutic foster home on December 25, had been
suspended from school once and had skipped school twice, and had come home from
school wearing $400 worth of new clothes and shoes. The State questioned the
foster parent from the therapeutic foster home concerning the incidents detailed
in the reports, and the parent confirmed the information in the reports.
Appellant's attorney did not challenge the reports in any way. The foster parent
at the therapeutic foster home also testified that he was willing to allow
appellant to remain in the home and that the school had offered to create a
special disciplinary plan for appellant. A representative from Child Protective
Services testified that the agency preferred that appellant remain in the
therapeutic foster home. The trial court committed appellant to the custody of
the Texas Youth Commission for an indeterminate period not to exceed his
twenty-first birthday.
In his sole point on appeal,
appellant asserts that he was denied the effective assistance of counsel because
his attorney did not challenge by objection, examination, or cross-examination
the information contained in the progress reports that were considered by the
trial court at the continued disposition hearing.
Joining our sister courts of
appeals, we hold that a juvenile is entitled to effective assistance of counsel.
In re K.J.O., 27 S.W.3d 340, 342 (Tex. App.--Dallas 2000, pet. denied);
In re R.D.B., 20 S.W.3d 255, 258 (Tex. App.--Texarkana 2000, no pet.); In
re M.S., 940 S.W.2d 789, 791 (Tex. App.--Austin 1997, no writ); R.X.F.
v. State, 921 S.W.2d 888, 902 (Tex. App.--Waco 1996, no writ); M.B. v.
State, 905 S.W.2d 344, 346 (Tex. App.--El Paso 1995, no writ); In re
M.R.R., 903 S.W.2d 49, 51-52 (Tex. App.--San Antonio 1995, no writ). We
also hold that the effectiveness of counsel's representation in a juvenile
proceeding is to be reviewed under the familiar two-prong Strickland v.
Washington standard. 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2063; In re
K.J.O., 27 S.W.3d at 342; In re R.D.B., 20 S.W.3d at 258. First,
appellant must show that his counsel's performance was deficient; second,
appellant must show that the deficient performance prejudiced the defense. Strickland,
466 U.S. at 687, 104 S. Ct. at 2064; Hernandez v. State, 988 S.W.2d
770, 770 (Tex. Crim. App. 1999). An allegation of ineffective assistance must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 814 (Tex.
Crim. App. 1999).
In his brief, appellant
acknowledges that the family code authorizes the juvenile court to consider
written reports from professional consultants. Tex. Fam. Code Ann. § 54.04(b)
(Vernon 2002). Thus, his complaint is not that the trial court reviewed the
reports, but that his attorney did not dispute the information contained in
them. He points to nothing in the record, however, that indicates the
information was false or inaccurate. Nor is there anything in the record
explaining appellant's counsel's reason for not challenging the information in
the reports. When the record is silent on the motivations underlying counsel's
tactical decision, the appellant usually cannot overcome the strong presumption
that counsel's conduct was reasonable. Mallett v. State, 65 S.W.3d 59,
63 (Tex. Crim. App. 2001); Thompson, 9 S.W.3d at 813.
We conclude that appellant failed
to meet his burden of proof to show that his attorney rendered ineffective
assistance of counsel because there is nothing in the record demonstrating that
counsel's failure to challenge the information contained in the reports was
unreasonable or that the result of the commitment proceeding would have been
different had appellant's counsel disputed the information. Strickland, 466
U.S. at 688-89, 694, 104 S. Ct. at 2065, 2068. Accordingly, we overrule
appellant's point on appeal and affirm the trial court's commitment order.
 
                                                                       
PER CURIAM
 
PANEL F: GARDNER, LIVINGSTON, and
DAUPHINOT, JJ.
DELIVERED: March 27, 2003