**In the Matter of Adolphus COOPER, Jr., A Juvenile.**

No. 18571.

Court of Appeals of Texas, Fort Worth.

Oct. 29, 1981.

Fillmore, Purtle & Lee and Mikal S. Lambert, Wichita Falls, for appellant.

Harold Lerew, County Atty., and Marty Cannedy, Asst. County Atty., Wichita Falls, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

This is a juvenile case. Appellant appeals from a judgment finding him to have engaged in delinquent conduct and committing him to the Texas Youth Council. Trial was to the court without a jury.

For clarity, the parties will be referred to as "appellant" and "the State."

Appellant asserts three points of error contending that the trial court erred by not complying with the requirements of Tex. Family Code Ann. sec. 54.03(b) (1975) which provides:

"54.03. Adjudication Hearing

(b) At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem:

(1) the allegations made against the child;

(2) the nature and possible consequences of the proceedings;

(3) the child's privilege against self-incrimination."

Appellant states in his brief that the juvenile court judge did not, at the beginning of the adjudication hearing, explain to appellant and his parents, the allegations made against appellant, the possible consequences of the proceeding and appellant's privilege against self-incrimination. The State filed no brief on the merits and presented no oral argument; and the statement of facts verifies the correctness of the statement in appellant's brief. Appellant's unchallenged statement as to the record is accepted by this court as correct. Tex.R. Civ.P. 419; *In re D.L.E. v. State of Texas*, 531 S.W.2d 196 (Tex.Civ.App.—Eastland 1975, no writ).

The procedural requirements of sec. 54.03(b) (1), (2), and (3) are mandatory and must be complied with before a child may be found to have engaged in delinquent conduct. *In re D.L.E. v. State of Texas*,

*supra; D.J.M. v. State of Texas*, 598 S.W.2d 726 (Tex.Civ.App.—Waco 1980, no writ); *Matter of N.S.D.*, 555 S.W.2d 807 (Tex.Civ. App.—El Paso 1977, no writ); *A.E.M. v. State*, 552 S.W.2d 952 (Tex.Civ.App.—San Antonio 1977, no writ).

The judgment of the juvenile court is reversed and the cause is remanded.