**Clayton MALONE, Appellant,**

v.

**The STATE BAR OF TEXAS, Appellee.**

**No. 09–88–018 CV.**

Court of Appeals of Texas,
Beaumont.

April 14, 1988.

Rehearing Denied May 4, 1988.

John T. Muegge, Walter C. Prentice, Austin, for appellant.

Steven D. Peterson, Gen. Counsel and Linda Acevedo, Asst. Gen. Counsel, State Bar of Texas, Austin, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appeal from judgment disciplining the Appellant/Attorney. The State Bar of Texas, District Number 3–B, Grievance Committee acted in the name of the State of Texas. A hearing to determine appropriate discipline was preferentially set for July 10, 1987.

The trial court concluded that the Appellant, Clayton Malone, should be suspended from the practice of law in Texas and the court fixed the term of such suspension for each of 10 separate acts of professional misconduct. For each of the first 4 counts of misconduct, a term of 6 months suspension was ordered. A suspension of 24 months was ordered on each of the next 4 counts of misconduct, being numbers (5), (6), (7) and (8). Lastly, a term of 6 months each on acts of misconduct numbers (9) and (10) was entered; the Court specifically ordering that each term of suspension shall run concurrently. The total term of suspension was 24 months. There were other important orders and decretal paragraphs in the judgment which was signed and rendered on October 15, 1987. The judgment disciplining Appellant was filed on October 19, 1987, by the District Clerk.

There was a timely filed Motion for New Trial. Therefore, the record, including the Statement of Facts, was required to be filed by February 12, 1988. *TEX.R.APP. PROC. 54(a)*, as amended by the Supreme Court in Vernon's Texas Rules Annotated, Rules of Appellate Procedure, 1988 Special Pamphlet, provides that if a timely motion for new trial is filed, a Transcript and Statement of Facts shall be filed in the Appellate Court within 120 days after the judgment is signed. We calculate that February 12, 1988, was the last date the Statement of Facts could be filed within the ordinary timetable. However, that same *Rule*, part *(c)*, provides that an extension of time may be granted for late filing in a Court of Appeals of a Statement of Facts if a motion explaining the need therefor is filed by the Appellant with the Court of Appeals not later than 15 days after the last date for filing the record. No such motion for extension of time was filed by Appellant. We calculate that February 29, 1988, was the last possible day that such a motion to extend time to file the Statement of Facts could be filed with the Clerk of this Court. Malone failed to do this. We do not have the power or jurisdiction to permit a late filing of the Statement of Facts beyond and after the date of February 29, 1988.

The Appellant has filed no brief. The time has passed for filing a brief. The Appellant has filed no motion whatsoever asking for an extension of time to file the brief. Appellant, if he wanted the benefit of the brief, should have filed the same by March 14, 1988. *TEX.R.APP.PROC. 74(k)*. *TEX.R.APP.PROC. 74(k)* [1988 Special Pamphlet] specifically provides that the Appellant shall file his brief within 30 days after the filing of the Transcript and Statement of Facts, except in accelerated appeals.

Again, the rules provide that, in civil cases, when the Appellant has failed to file his brief within the time prescribed, the Appellate Court may dismiss the appeal for want of prosecution. *TEX.R.APP.PROC. 74(l)(1)*.

The State Bar of Texas, Appellee, has filed a formal motion requesting this Court to dismiss the appeal of Clayton Malone. We hold that the motion to dismiss the appeal, as filed by the State Bar of Texas, is good; the same is hereby granted.

We hereby dismiss the appeal of the Appellant. We hereby order that the Appellant and his sureties pay the costs.

The last date for filing the Statement of Facts was February 12, 1988, under this record. A Statement of Facts was presented to the Clerk of Court, who received the same on the date presented, being March 24, 1988. The Statement of Facts was not *filed* by the Clerk since it was presented and received 41 days late. Because of this fact, we have no jurisdiction or power to permit the Statement of Facts to be filed as a part of the record. The last sentence of *TEX.R.APP.PROC. 54(a)* [1988 Special Pamphlet] states:

"The court has authority to consider all timely filed transcripts and statements of facts, but shall have no authority to consider a late filed transcript or statement of facts, except as permitted by this rule."

DISMISSED.