**In the Matter of P.L.W., a Minor**

v.

**STATE of Texas.**

**No. 04–92–00244–CV.**

Court of Appeals of Texas,
San Antonio.

March 31, 1993.

Laura Angelini, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Adele Barnett, Leticia Cortez, Daniel Thornberry, Asst. Crim. Dist. Attys., San Antonio, for appellee.

Before PEEPLES, BIERY and GARCIA, JJ.

## OPINION

BIERY, Justice.

P.L.W., appellant, was found by a jury to have engaged in delinquent conduct by committing the offenses of aggravated robbery with a deadly weapon and evading arrest; appellant was committed to the custody of the Texas Youth Commission. Appellant presents three points of error contending (1) the trial judge erred by failing to admonish appellant as required by TEX. FAM.CODE ANN. § 54.03(b) (Vernon Supp. 1993), (2) there was no evidence to support the jury finding that appellant engaged in delinquent conduct by committing aggravated robbery with a deadly weapon, and (3) the evidence was insufficient to prove appellant was a party to the offense of aggravated robbery and to support the jury finding that appellant engaged in delinquent conduct by committing aggravated robbery with a deadly weapon. We reverse and remand because, as the State candidly concedes, there was no compliance with the requirements of the law concerning admonishment of the appellant. As

required by the authorities set forth below, we also will address appellant's points of error two and three concerning no evidence and insufficient evidence. We overrule those points of error.

Section 54.03(b) of the Texas Family Code requires:

At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem:

(1) the allegations made against the child;

(2) the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding;

(3) the child's privilege against self-incrimination;

(4) the child's right to trial and to confrontation of witnesses;

(5) the child's right to representation by an attorney if he is not already represented; and

(6) the child's right to trial by jury.

TEX.FAM.CODE ANN. § 54.03(b) (Vernon Supp.1993). This section is mandatory and an appellant need not object at trial to preserve the complaint for appeal. In re G.K.G., 730 S.W.2d 182, 183–84 (Tex. App.—San Antonio 1987, no writ).

After the assistant district attorney read the paragraphs of the petition to the appellant and the appellant acknowledged that he understood the charges, the record reflects:

THE COURT: So they could also convict you of robbery. That is taking somebody's property by force or by threats. They could even prove that happened without a weapon. A jury could still find you guilty of force and threats. You could be sent to the Texas Youth Commission. Usually we send people to TYC for at least 8 months or put you on probation. . . .

The reading of the allegations by the prosecutor to a juvenile has been held not to comply with the requirements of the Texas Family Code. In re J.D.P., 691 S.W.2d 106, 107 (Tex.App.—San Antonio 1985, no writ). Further, there was no admonishment of the appellant that his juvenile record might be admissible against him in a subsequent criminal proceeding. See In re Cooper, 623 S.W.2d 507, 508 (Tex. App.—Fort Worth 1981, no writ). None of the other explanations required by section 54.03(b) were given to the juvenile.

As the State concedes, point of error one is meritorious and is sustained.

We next address appellant's second and third points of error concerning sufficiency of the evidence because of double jeopardy issues. In re J.B.S., 696 S.W.2d 223, 224–25 (Tex.App.—San Antonio 1985, no writ).

The appellant was charged with aggravated robbery with a deadly weapon of George Thomas. Thomas testified that, on the evening of December 13, he was home alone with his brother Ronnie Thomas, when the appellant and Ernest Adkins came to the front door of his home and asked to use the phone. While Adkins used the phone, the appellant remained by the front door, which was still opened. Thomas went back to the front door in order to close it when he saw two masked men with shotguns running up to the door. Thomas closed the door, but the men kicked it in. Thomas was able to recognize one of the armed as an individual named "Germain." The appellant and Adkins did not seem to be agitated.

The intruders made the appellant and Adkins lie down near the front steps, while George Thomas was led around the house, both upstairs and downstairs, in search of property. Both of the Thomas brothers were hit with the guns, but neither the appellant nor Adkins was harmed by the intruders. At one point one of the shotguns went off, striking a light switch. George Thomas was ordered to open a safe. He knew Adkins was aware the Thomas home had a safe. When Thomas was unable to open the safe, the robbers placed the two brothers in a closet. Neither the appellant or Adkins was placed in the closet.

After a few minutes the two brothers emerged from the closet. George Thomas

observed all four youths running away together in the same direction. Thomas also testified that Shamall McIntyre was a neighbor, living within a mile or so or five to ten minutes of the Thomas home. Thomas subsequently determined that a Nintendo game, a VCR, and a pair of shoes were missing. Both the appellant and Adkins were identified by Thomas that same day, when they were brought back by the police, who had been given descriptions of the suspects.

George's ten year-old brother, Ronnie, confirmed that after the appellant and Adkins entered and asked to use the phone, the door was kicked in by the two other men. Again both George and Ronnie were hit by the intruders, but not the appellant or Adkins.

Annette Thomas, George's and Ronnie's mother, testified that when she arrived home from work that evening, she discovered that both of her children had been injured or beaten; that her front door had been kicked in; and that there was a gunshot to the wall of her home. She discovered that a camera, cologne, perfume, a VCR, a Nintendo game and jewelry were missing.

Officer Randall Story testified he responded to the robbery call that evening, and obtained the description of the suspects. He remained there an hour and a half, and observed the two suspects being brought back for identification.

Deputy Robert Gallegos was on patrol, within a mile or so of the robbery, when he spotted and stopped the appellant and another individual matching the descriptions. Both supplied false names. The appellant seemed very calm. Neither said he had been a victim of a robbery. They said they were coming from a friend named Shamall's house. The two were taken back to the crime scene where they were identified by George Thomas.

McIntyre testified that on the evening of the offense, he was visited at home by the appellant, Adkins, Germain, and another youth called "Junior." The four stayed there together for a half hour. One was carrying a trash bag containing video games. The appellant used the telephone, and then departed with Adkins. The appellant was never threatened during the half hour he was there. After the arrival of the four, McIntyre noticed a shotgun shell on his coffee table.

Clearly, this evidence would not support a finding that appellant was guilty of aggravated robbery as a sole actor. The law of parties was submitted in the abstract by the trial judge; however, there was no application of the law of parties in the application or authorization paragraph of the jury charge. Although the State made no objection to the charge, appellant's counsel did point out to the trial judge the following:

MS. ANGELINI: No. The only thing I asked for was the application paragraph to the law of applying the law to the facts.

THE COURT: No, I don't do that. Now . . .

█ If appellant was an adult, the evidence would be insufficient to sustain the conviction because the application paragraph authorized the appellant's conviction only as a sole actor. *Nickerson v. State*, 782 S.W.2d 887, 891–92 (Tex.Crim.App. 1990). The State must object to the expansion of its burden of proof in jury charge. *Marras v. State*, 741 S.W.2d 395, 407–08 (Tex.Crim.App.1987), *overruled on other grounds, Garrett v. State*, 851 S.W.2d 853, 860 (Tex.Crim.App.1993) 1993); TEX.CODE CRIM.PROC.ANN. art. 36.15 (Vernon Supp. 1993). In juvenile proceedings, however, the Rules of Civil Procedure apply in the absence of a Family Code provision to the contrary. *Brenan v. Court of Civil Appeals, Fourteenth Dist.*, 444 S.W.2d 290, 292 (Tex.1969); TEX.FAM.CODE ANN. § 51.17 (Vernon 1986). The Code of Criminal Procedure generally does not apply to juvenile cases. *See Vasquez v. State*, 739 S.W.2d 37, 42 (Tex.Crim.App.1987), *reh'g denied*, 816 S.W.2d 750 (Tex.Crim.App.1991).

█ Importantly, the civil rules place the exact opposite burden on the parties. Appellant, the complaining party, had the

burden of objecting to the charge. *Wilgus v. Bond,* 730 S.W.2d 670, 672 (Tex.1987); TEX.R.CIV.P. 274. If an element or issue necessary to a ground of recovery or a defense is omitted from the charge without trial objection from the complaining party on appeal, then the omitted element or issue, if raised and supported by the evidence, will be deemed to have been found by the trial court. *West v. Carter,* 712 S.W.2d 569, 573 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); TEX.R.CIV.P. 279.

In order for a complaining party in a civil case to preserve charge error, the objection to the charge must be specific and distinct. *Castleberry v. Branscum,* 721 S.W.2d 270, 276–77 (Tex.1986); TEX.R.CIV.P. 274; TEX. R.APP.P. 52(a). We hold appellant's trial objection was insufficient because appellant did not specify the complaint concerning the law of parties.

We will review no-evidence contentions by examining only the evidence in favor of the decision of the trier of fact and disregarding all evidence and inferences to the contrary. *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988). An appellate court must determine if there is some probative evidence, more than a scintilla, in support of the finding. *Southern States Transp., Inc. v. State,* 774 S.W.2d 639, 640 (Tex.1989); *Stafford v. Stafford,* 726 S.W.2d 14, 16 (Tex.1987). Similarly in criminal cases, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154, 156–57 (Tex.Crim.App.1991). Because section 54.03(f) of the Texas Family Code imposes a "beyond a reasonable doubt" burden of proof upon the State, we find the *Jackson v. Virginia* and *Geesa v. State* standards of review to be more appropriate in juvenile proceedings. TEX.FAM.CODE ANN. § 54.03(f) (Vernon 1986).

In determining an accused's complicity as a party to the offense, a court may examine the events occurring before, during, or after the commission of the offense. *Burdine v. State,* 719 S.W.2d 309, 315 (Tex.Crim.App.1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). An accused's participation in a criminal offense may be inferred from the circumstances of the offense. *Beardsley v. State,* 738 S.W.2d 681, 684 (Tex.Crim.App.1987).

Here, appellant came to the door of the complainant's home, shortly before the armed accomplices arrived. Appellant was unharmed while the victims were physically assaulted; appellant fled the scene in the company of the other three actors. Appellant was seen shortly thereafter in the company of the same people, one of whom was carrying property of the kind taken in the robbery. Appellant lied about his identity. Appellant's flight and use of an alias are indicative of guilt. *Cantrell v. State,* 731 S.W.2d 84, 92 (Tex.Crim.App.1987); *Durant v. State,* 688 S.W.2d 265, 267 (Tex. App.—Fort Worth 1985, pet. ref'd). We hold the jury could have reasonably concluded from the facts in the record that appellant acted as a party to the offense of aggravated robbery. Points of error two and three are overruled.

Because we sustain point one, the judgment of the trial court is reversed and the cause is remanded to the trial court.