894 S.W.2d 82 (1995)
Matter of M.B., a Juvenile, Appellant,
v.
The STATE of Texas, Appellee.
No. 08-95-00040-CV.
Court of Appeals of Texas, El Paso.
February 23, 1995.
Kristina K. Voorhies, El Paso, for appellant.
Jaime E. Esparza, Dist. Atty., El Paso, for State.
Before LARSEN, McCLURE and CHEW, JJ.

OPINION ON MOTION
LARSEN, Justice.
M.B., a juvenile, appeals the trial court's denial of habeas corpus relief. The case is presently before the Court on a motion to *83 extend time to file the transcript.[1] We deny the motion to extend time, as we have no authority to grant an extension under the circumstances presented here.

FACTS
Following a jury trial, the trial court entered a written judgment reflecting that M.B. had engaged in delinquent conduct, namely, murder. That judgment was entered on March 30, 1994. On the same date, the court ordered M.B. to serve a determinate sentence of twenty-five years confinement. M.B. timely filed a motion for new trial raising insufficiency of the evidence and alleging error in the jury charge. The trial court denied the motion for new trial on June 27, 1994. M.B. perfected his appeal from the trial court's judgment on the same date by filing a notice of appeal and an affidavit of indigency. At the same time, he filed a designation of the record and a written request for the court reporter to prepare the statement of facts. That direct appeal is presently pending before this Court in cause number 08-94-00191-CV. The transcript and statement of facts were filed on July 25, 1994. M.B.'s brief is due to be filed on March 22, 1995.
Several days after the trial court entered its judgment of delinquency, M.B. filed an application for writ of habeas corpus in the same cause number, asserting he had been denied effective assistance of counsel at trial.[2] The trial court conducted a hearing on the merits of the application on September 9, 1994, and denied the requested relief on September 19, 1994.
On October 7, 1994, M.B. filed a notice of appeal from the order denying the habeas corpus relief and an affidavit from appellate counsel stating that M.B. could not pay for any of the costs of appeal. On that same date, M.B. filed a designation of the record on appeal and a request for the court reporter to prepare the statement of facts from the habeas corpus hearing. That statement of facts was received by this Court on October 18, 1994. The transcript was not received, however, until December 16, 1994. M.B. filed a motion for extension of time in which to file the transcript in the habeas appeal on the same date. On December 22, 1994, M.B. filed his motion to consolidate review of the habeas appeal with the direct appeal, relying upon this Court's opinion in Torres v. State, 804 S.W.2d 918, 920 (Tex.App.El Paso 1990, pet. ref'd).

MOTION TO EXTEND TIME TO FILE RECORD
Before us is M.B.'s motion to extend time to file the transcript in this case. In deciding the motion, we must first determine when the record was due in this cause, an appeal from denial of habeas corpus relief in a juvenile case. The timetable found in Tex. R.App.P. 44 is usually applied to appeals from the denial of an application for writ of habeas corpus. That rule provides that the transcript is due within fifteen days after the notice of appeal is filed. Tex.R.App.P. 44(a). That rule, however, is limited in its application *84 to criminal cases. According to the Family Code, an appeal from an order of a juvenile court is to a court of appeals as in civil cases generally. See Tex.Fam.Code Ann. § 56.01(a) (Vernon Supp.1995). Even though this is an appeal from an order denying habeas corpus relief, we will apply the ordinary timetable for filing the record in civil cases found at Tex.R.App.P. 54(a). That rule provides:
(a) In Civil CasesOrdinary Timetable. The transcript and statement of facts, if any, shall be filed in the appellate court within sixty days after the judgment is signed, or, if a timely motion for new trial or to modify the judgment has been filed by any party, or if any party has timely filed a request for findings of fact and conclusions of law in a case tried without a jury, within one hundred twenty days after the judgment is signed.... Failure to file either the transcript or the statement of facts within such time shall not affect the jurisdiction of the court, but shall be ground for dismissing the appeal, affirming the judgment appealed from, disregarding materials filed, or applying presumptions against the appellant, either on appeal or on the court's own motion, as the court shall determine. The court has authority to consider all timely filed transcripts and statements of facts, but shall have no authority to consider a late filed transcript or statement of facts, except as permitted by this rule.
Tex.R.App.P. 54(a) [emphasis added].
The exception to which the last sentence of Rule 54(a) alludes is found in Rule 54(c), which provides:
(c) Extension of Time. An extension of time may be granted for late filing in a court of appeals of a transcript or statement of facts, if a motion reasonably explaining the need therefor is filed by appellant with the court of appeals not later than fifteen days after the last date for filing the record. Such motion shall also reasonably explain any delay in the request required by Rule 53(a).
Tex.R.App.P. 54(c).
Applying these rules to this case, the transcript was due to be filed no later than November 18, 1994 (sixty days from September 19, 1994), and the motion for extension of time was due to be filed no later than December 5, 1994 (fifteen days from November 18). The burden was on M.B., not the district clerk, to see that the transcript was timely filed with this Court. See Guillen v. DeLeon, 887 S.W.2d 503, 504 (Tex. App.San Antonio 1994, no writ); Nix v. Fraze, 752 S.W.2d 118, 120 (Tex.App.Dallas 1988, no writ); Tex.R.App.P. 50(d). If not timely filed, the burden is on the appellant to seek an extension of time. Nix, 752 S.W.2d at 120-21. In this case, M.B. did not file his motion for an extension of time in which to file the transcript until December 16, 1994, well after the December 5 due date. Consequently, we have no authority to grant M.B.'s untimely filed motion for extension of time or to consider the late-filed transcript. Tex. R.App.P. 54(a); Trans-Continental Properties, Ltd. v. Taylor, 717 S.W.2d 890, 891 (Tex.1986) (court of appeals had no authority to consider a late filed motion for extension of time; in the absence of a timely filed motion for extension of time, appellate court had no authority to consider a late filed transcript and statement of facts); Wells v. Kansas University Endowment Association, 825 S.W.2d 483, 487 (Tex.App.Houston [1st Dist.] 1992, writ denied) (court of appeals had no jurisdiction to consider late-filed motion for extension of time to file statement of facts).
Although appellant's failure to file the transcript does not deprive this Court of jurisdiction, it does prohibit us from considering a late-filed transcript in deciding the appeal. Tex.R.App.P. 54(a). Unlike a statement of facts, which is not always necessary to an appeal, the transcript must be filed. Tex.R.App.P. 50(a) (the record on appeal shall consist of a transcript and where necessary to the appeal, a statement of facts); see Segrest v. Segrest, 649 S.W.2d 610 (Tex.1983) (statement of facts not necessary to the appeal when points of error raised involved strictly questions of law); Best Real Estate, Inc. v. Investors Intern., Inc., 691 S.W.2d 751, 752 (Tex.App.El Paso 1985, no writ) (appeal could not be dismissed where transcript had been timely filed; reversible error *85 appearing in transcript could be considered, even in absence of statement of facts). In the absence of the transcript, the record before us is insufficient to show error requiring reversal. Consequently, we give notice that this appeal will be dismissed unless appellant files within ten days a response showing grounds for continuing the appeal. Tex. R.App.P. 60(a)(2); See Malone v. State Bar of Texas, 750 S.W.2d 295, 296-97 (Tex.App. Beaumont 1988, no writ) (appeal dismissed for failure to timely file transcript and statement of facts, by failure to seek extension of time not later than 15 days after last date for filing record, and by failure to file brief within 30 days of date on which transcript and statement of facts should have been filed).

APPLYING CIVIL RULES TO JUVENILE PROCEEDINGS
The rule on filing the record in criminal appeals does not contain the prohibitions against considering a late-filed transcript that governs civil appeals. Tex.R.App.P. 54(b). Although we are considering here an adjudication of murder, the Family Code tells us we must treat this appeal as a civil case. This is one example, among many, of the incongruity resulting from using civil procedure in juvenile cases which are essentially criminal trials, and involve criminal issues on appeal. See In the Matter of J.C., 892 S.W.2d 85 (Tex.App.El Paso 1994, n.w.h.) (notice of appeal not sufficient to perfect appeal from adjudication of delinquency; cost bond or affidavit of indigency must be filed); In the Matter of M.R., 858 S.W.2d 365, 366 (Tex.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 894, 127 L.Ed.2d 87 (1994) (juveniles must file motion for new trial in order to raise factual sufficiency challenge); In the Matter of P.L.W., 851 S.W.2d 383 (Tex.App.San Antonio 1993, no writ) (burden on juvenile to object to jury charge which expanded State's theory, otherwise omitted ground supporting judgment deemed found). Nor are we the first court to face the frustration of applying civil rules to juvenile cases, with the result that juveniles are deprived of procedural safeguards routinely available to adults. E.T.J. v. State, 753 S.W.2d 487, 488 (Tex.App.Dallas 1988, no writ) (Kinkeade, J. dissenting) ("I would hold that the application of section 56.01(b) [prohibiting consideration of a late-filed statement of facts].... is unconstitutional, because it results in appellant's being denied effective assistance of counsel").
In our view, these cases point up the impossibility of reconciling the civil rules and the vast majority of juvenile cases. Using civil rules of procedure actually affords the minor accused of delinquent conduct with less due process protection than would be given an adult facing the same charges. Rather than struggle through case after case attempting to reconcile that which cannot be reconciled, we believe the time has come for the legislature to apply criminal procedure to juvenile cases in which the conduct charged would constitute a felony if committed by an adult.

CONCLUSION
We deny the motion to extend time to file the transcript, as it was not filed within the deadlines imposed by Tex.R.App.P. 54. M.B. shall have ten days from the date this opinion issues within which to cure the defects presented by the untimely filing of the transcript in this case. If he fails to do so, we will dismiss the appeal of his habeas corpus action.
NOTES
[1] Also before the Court is M.B.'s motion to consolidate review of his habeas corpus proceeding with the direct appeal, a procedure suggested by this Court in Torres v. State, 804 S.W.2d 918, 920 (Tex.App.El Paso 1990, pet. ref'd). Because of our disposition of the motion to extend time, we do not reach the motion to consolidate.
[2] Counsel asserted at hearing that the writ application was brought directly under the authority of the Texas Constitution. We infer she was referring to the inherent power of the district courts to issue writs "necessary to enforce their jurisdiction." Tex.Const. art. 5, § 8. A preliminary issue raised by such a proceeding is whether ineffective assistance of counsel is a doctrine recognized in juvenile proceedings, which are purportedly civil in nature. We have found no case directly holding as much, but a reading of the family code together with certain of the case law seems to imply a right to effective assistance. See Tex.Fam.Code Ann. § 51.01 (Vernon 1986) ("[t]his title shall be construed to effectuate the following public purposes ... to provide a simple judicial procedure ... in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced"); Tex.Fam.Code Ann. § 51.10 (providing for the right to assistance of an attorney); C.E.J. v. State, 788 S.W.2d 849, 852 (Tex.App.Dallas 1990, writ denied) ("the juvenile is guaranteed all the constitutional rights which he would have as an adult in a criminal proceeding, because the juvenile delinquency procedures seek to deprive him of his liberty"). The determination of this question, however, awaits another day.