cv5-749.dd.jkr 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00749-CV







In the Matter of J. K. R.







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-14,656, HONORABLE JOHN DIETZ, JUDGE PRESIDING







PER CURIAM


 The trial court found J.K.R. had committed delinquent conduct by committing a
robbery. The court placed him on intensive supervised probation for one year. J.K.R. appeals,
challenging the legal and factual sufficiency of the evidence to support the judgment of
delinquency. We will affirm the trial court's judgment.

 J.K.R.'s points of error have distinct standards of review. In determining the legal
sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing
all the evidence in the light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Tex. Fam. Code Ann. §
54.03(f) (West 1996); see also Jackson v. Virginia, 443 U.S. 307 (1979); P.L.W. v. State, 851
S.W.2d 383, 387 (Tex. App.--San Antonio 1993, no writ). In determining the factual sufficiency,
we consider all the testimony and evidence and can set aside a verdict only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State, No.
450-94, slip op. at 2 (Tex. Crim. App. January 31, 1996); Stone v. State, 823 S.W.2d 375, 381
(Tex. App.--Austin 1992, pet. ref'd as untimely filed). Under both standards, the trial court is the
exclusive judge of the credibility of witnesses and the weight to be given to their testimony. See
H.R.A., 790 S.W.2d at 105.

 J.K.R. challenges only the victim's identification of him as the robber. The victim
testified that she first saw J.K.R. when she stopped her car at her townhouse mailbox upon
returning home on May 15 between 5:30 p.m. and 5:45 p.m. He then followed her when she
moved her car to park it in her assigned place near her home. Before she could enter her home,
he accosted her, demanded her purse, and pulled it away from her when she refused to hand it
over. The victim described him only as a black male between ages fifteen and seventeen, but later
gave a more specific description. She also picked J.K.R. out of a photo lineup; police told her
that the forger and J.K.R. were associated. When testifying, she occasionally used equivocal
words when describing the certainty of her identification. She said, "I'm pretty certain; 100
percent sure" that J.K.R. was her robber. She later said she identified him because "he's the one
who I saw. He was the one who attacked me that day, and I'm pretty sure that it's him." She
said she was trained to remember faces in her job as a bank teller so that she could recognize
customers and remember robbers. The police officer who witnessed her identification said she
looked at each photo in the lineup, but then picked J.K.R. without hesitation.

 No physical evidence linked J.K.R. to the robbery. The victim's checks were
forged by another person who matched the description the victim gave to police. J.K.R.'s
fingerprints were not on the checks. Police did not find him with any items from the purse.

 J.K.R. testified that he did not commit the robbery. He said he was at home during
the robbery. He slept until 4:00 p.m., listened to music for awhile, and then had his mother drive
him to his girlfriend's house at 6:00 p.m. or thereafter. His mother confirmed his story. They
both testified that they remembered this sequence because it occurred the day after Mother's Day. 
J.K.R. testified that he could not remember any details of any of the other days immediately
surrounding Mother's Day.

 The testimony is both legally and factually sufficient to support the identification
and the conviction. Under the legal sufficiency standard, the victim's testimony is more than
enough to support the judgment. The question is closer under the factual sufficiency standard,
but we defer to the factfinder. The victim alternately used words indicating certainty and some
uncertainty in making the identification; the factfinder is the judge of the credibility of her claims
of certainty. The court also could weigh her veracity against the credibility of the defense
witnesses. We cannot say that the judgment is so against the overwhelming weight of the
evidence as to be clearly wrong and unjust. We overrule both points of error.

 We affirm the judgment of delinquency.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: May 29, 1996

Do Not Publish