TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00289-CV







In the Matter of V. M.








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-12,984, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING 








 Following a nonjury trial, the District Court of Travis County, sitting as a juvenile court,
adjudicated appellant V.M. guilty of evading arrest. See Tex. Penal Code Ann. § 38.04 (West 1994). 
The court committed V.M. to the Texas Youth Commission, and he perfected this appeal. In his first point
of error, V.M. asserts the evidence was insufficient to support a finding either that he knew the officer
intended to arrest him or that the attempted arrest was lawful. In his second point of error, V.M. complains
of his commitment to the Texas Youth Commission, asserting that the punishment assessed by the juvenile
court was excessive given the severity of the allegations and his previous record. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND

 On March 8, 1995, Travis County Constable Vernon Cartwright attempted to serve a
warrant on V.M., then thirteen years old. V.M.'s mother informed Cartwright of her son's whereabouts. 
Cartwright then proceeded to that location and waited for V.M. to exit the building. When V.M. appeared,
Cartwright got out of his car and called V.M.'s name. V.M. began to run. Cartwright pursued him on foot,
yelling for him to stop. (1) In addition, Cartwright shouted to V.M. that he had a warrant for his arrest and
that he would get an additional charge if he kept running. V.M. ran into a house. After a period of time,
Cartwright went into the house and arrested V.M. Cartwright was wearing his uniform at the time he
arrested V.M. Also, Cartwright had arrested V.M. three times prior to this incident.

 V.M. lived with his mother prior to his arrest. His mother is currently on probation for
assault; his father is confined to the Texas Department of Corrections for selling drugs and killing a police
officer. V.M. has eighteen prior referrals to the juvenile system, including one adjudication in 1993 for
burglary. He also has a record of truancy. 

 The State filed a petition alleging V.M. had engaged in delinquent conduct by evading
arrest. The judge of the District Court of Travis County, sitting as a juvenile court, presided over V.M.'s
hearing. The court adjudicated V.M. delinquent and committed him to the Texas Youth Commission. This
appeal followed.


DISCUSSION

A. Sufficiency of Evidence

 In his first point of error, V.M. asserts that the evidence was insufficient to support the
finding of evading arrest. Asserting that Cartwright's testimony was not credible, V.M. contends the
evidence was insufficient to support a finding that he knew Cartwright intended to arrest him; he also
contends the arrest was unlawful. It is unclear from appellant's brief whether he is asserting a legal-sufficiency challenge, a factual-sufficiency challenge, or both. (2) Therefore, we will review both the legal and
factual sufficiency of the evidence.


(i). Legal Sufficiency

 The courts have struggled with what standard of review should be used when reviewing
a legal sufficiency complaint in a juvenile adjudication case. One possible standard is to use the civil
standard for legal sufficiency, because juvenile adjudications are governed by the Texas Rules of Civil
Procedure and are heard in civil, not criminal court. See Tex. Fam. Code Ann. § 51.17 (a). A second
possibility adopted by some courts is to "view the evidence as a whole to determine whether the State met
its burden of proof beyond a reasonable doubt." See In re G.M.P., 909 S.W.2d 198, 202 (Tex.
App.--Houston [14th Dist.] 1995, no writ). And finally, a third standard is to review the sufficiency of the
evidence under the criminal standard of review for legal sufficiency since section 54.03 of the Texas Family
Code imposes a "beyond a reasonable doubt" burden of proof upon the state. See P.L.W. v. State, 851
S.W.2d, 383, 387 (Tex. App.--San Antonio 1993, no writ). V.M. urges this Court to adopt the second
standard. We disagree and adopt the criminal standard of review for juvenile adjudications of delinquency.

 The critical inquiry on review of the legal sufficiency of the evidence to support a criminal
conviction is whether the record evidence could reasonably support a finding of guilt beyond a reasonable
doubt. The appellate court does not ask whether it believes that the evidence at trial established guilt
beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light
most favorable to the prosecution, any rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); see Griffin v.
State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981).

 A person commits the offense of evading arrest if he intentionally flees from a person he
knows is a peace officer attempting to lawfully arrest or detain him. Tex. Penal Code Ann. § 38.04 (West
1994 & Supp. 1997). The trier of fact is the exclusive judge of the credibility of witnesses and the weight
to be given their testimony, and is free to accept or reject any or all of any witness's testimony. Adelman
v. State, 828 S.W.2d 418 (Tex. Crim. App. 1992). 

 In the present case, Cartwright testified that V.M. intentionally fled from him knowing that
he was a peace officer attempting to lawfully arrest him. Cartwright stated that V.M. "recognized me and
bolted." Cartwright, who was in uniform, shouted that he had a warrant for V.M.'s arrest. In addition,
Cartwright had arrested V.M. three times in the past. Finally, the arrest was lawful because Cartwright had
a warrant. We conclude that the record contains sufficient evidence from which a rational trier of fact could
have found that V.M. committed the offense of evading arrest.


(ii). Factual Sufficiency

 When reviewing a verdict to determine the factual sufficiency of the evidence, we must view
all the evidence without the prism "in the light most favorable to the prosecution," and can set aside the
judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Clewis v. State, 922 S.W.2d 126, 132-33 (Tex. Crim. App. 1996); see Stone v. State, 823
S.W.2d 375 (Tex. App.--Austin 1992, pet. ref'd untimely filed). We have reviewed the evidence in the
present case using the foregoing standard, and we conclude that the verdict is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule point of error one.


B. Disposition

 In V.M.'s second point of error, he asserts that his commitment to the Texas Youth
Commission by the trial court was excessive given the lack of severity of the offense and the previous
record of adjudication. He contends that the proper punishment for evading arrest should have been
deferred prosecution or probation for up to six months at "sanction level two." See Tex. Fam. Code Ann.
§§ 53.03, 59.005 (West 1996). V.M. argues that there was a lack of evidence to deviate from sanction
level two to commitment to the Texas Youth Commission at sanction level six. Tex. Fam. Code Ann. §
59.009 (West 1996).

 In a juvenile case, the trial court possesses broad discretion to determine a suitable
disposition of a child adjudicated delinquent. In re J.R., 907 S.W.2d 107, 110 (Tex. App.--Austin 1995,
no writ) (citing In re R.W., 694 S.W.2d 578, 580 (Tex. App.--Corpus Christi 1995, no writ)). In the
context of a criminal case, the trial court abuses its discretion if its ruling is outside the "zone of reasonable
disagreement." See Montgomery v. State, 810 S.W.2d 372, 390-93 (Tex. Crim. App. 1991) (op. on
reh'g). (3) Pursuant to section 54.04(b) of the Texas Family Code, at the disposition hearing the trial court
may consider written reports from probation officers in addition to testimony of witnesses. In order to
commit a juvenile to the Texas Youth Commission, a juvenile court 


shall include in its order its determination that: (1) it is in the child's best interests to be
placed outside the child's home; (2) reasonable efforts were made to prevent or eliminate
the need for the child's removal from the home and to make it possible for the child to
return to the child's home; and (3) the child, in the child's home, cannot be provided the
quality of care and level of support and supervision that the child needs to meet the
conditions of probation.



Tex. Fam. Code Ann. § 54.04(i) (West 1996).

 In the disposition order here, the trial court concluded that the above criteria were met
based on the record. The court stated that V.M. was in need of rehabilitation and that the protection of
the public required V.M.'s commitment to the Texas Youth Commission. The evidence showed that V.M.
does not accept parental supervision and cannot be adequately supervised in his home to meet the
conditions of probation. He has eighteen prior referrals to the juvenile system, including one adjudication
in 1993 for burglary, a felony. V.M. has been detained on eight separate occasions, totaling seventy-eight
days. He also has a record of truancy. The court summary prepared by the probation officer also
recommended commitment to the Texas Youth Commission. The summary reported that V.M.'s father
was currently an inmate of the Texas Department of Corrections, his older brother is currently in the care
of the Texas Youth Commission, and his mother previously served one hundred days in jail for refusing
to follow rules while on probation for assault.

 On the facts in this case, we conclude the trial court did not abuse its discretion in ordering
that V.M. be committed to the Texas Youth Commission. We overrule point of error two.


CONCLUSION

 Based on the facts and circumstances of this case, we conclude that the evidence was
factually and legally sufficient to find V.M. guilty of evading arrest and that the trial court was within its
discretion to commit V.M. to the Texas Youth Commission. Having overruled points of error one and two,
we affirm the trial court's order.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: February 27, 1997

Do Not Publish

1.   At trial, Officer Cartwright admitted that his offense report, unlike his testimony, did not state that he
had yelled for V.M. to stop.
2.   Appellant states a legal sufficiency standard of review, but then states that a motion for a new trial is
not required to preserve a factual sufficiency complaint under the Texas Rules of Appellate Procedure.
3.   The civil test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts
present an appropriate case for the trial court's action, but whether the court acted without reference to
any guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex.
1985).


 a juvenile case, the trial court possesses broad discretion to determine a suitable
disposition of a child adjudicated delinquent. In re J.R., 907 S.W.2d 107, 110 (Tex. App.--Austin 1995,
no writ) (citing In re R.W., 694 S.W.2d 578, 580 (Tex. App.--Corpus Christi 1995, no writ)). In the
context of a criminal case, the trial court abuses its discretion if its ruling is outside the "zone of reasonable
disagreement." See Montgomery v. State, 810 S.W.2d 372, 390-93 (Tex. Crim. App. 1991) (op. on
reh'g). (3) Pursuant to section 54.04(b) of the Texas Family Code, at the disposition hearing the trial court
may consider written reports from probation officers in addition to testimony of witnesses. In order to
commit a juvenile to the Texas Youth Commission, a juvenile court 


shall include in its order its determination that: (1) it is in the child's best interests to be
placed outside the child's home; (2) reasonable efforts were made to prevent or eliminate
the need for the child's removal from the home and to make it possible for the child to
return to the child's home; and (3) the child, in the child's home, cannot be provided the
quality of care and level of support and supervision that the child needs to meet the
conditions of probation.



Tex. Fam. Code Ann. § 54.04(i) (West 1996).

 In the disposition order here, the trial court concluded that the above criteria were met
based on the record. The court stated that V.M. was in need of rehabilitation and that the protection of
the public required V.M.'s commitment to the Texas Youth Commission. The evidence showed that V.M.
does not accept parental supervision and cannot be adequately supervised in his home to meet the
conditions of probation. He has eighteen prior referrals to the juvenile system, including one adjudication
in 1993 for burglary, a felony. V.M. has been detained on eight separate occasions, totaling seventy-eight
days. He also has a record of truancy. The court summary prepared by the probation officer also
recommended commitment to the Texas Youth Commission. The summary reported that V.M.'s father
was currently an inmate of the Texas Department of Corrections, his older brother is currently in the care
of the Texas Youth Commission, and his mother previously served one hundred days in jail for refusing
to follow rules while on probation for assault.

 On the facts in this case, we conclude the trial court did not abuse its discretion in ordering
that V.M. be committed to the Texas Youth Commission. We overrule point of error two.


CONCLUSION

 Based on the facts and circumstances of this case, we conclude that the evidence was
factually and legally sufficient to find V.M. guilty of evading arrest and that the trial court was within its
discretion to commit V.M. to the Texas Youth Commission. Having overruled points of error one and two,
we affirm the trial court's order.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: February 27, 1997

Do Not Publish

1.   At trial, Officer Cartwright admitted that his offense report, unlike his testimony, did not state that he
had yelled for V.M. to stop.
2.   Appellant states a legal sufficiency standard of review, but then states that a motion for a new trial is
not required to preserve a factual sufficiency complaint under the Texas Rules o