TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00430-CV







In the Matter of M. S.







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-15,280, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 Appellant, a juvenile, was adjudicated delinquent for committing two counts of aggravated
sexual assault of a child. See Tex. Fam. Code Ann. § 51.03 (West 1996); Tex. Penal Code Ann. §
22.021 (West 1994 & Supp. 1997). (1) The district court of Travis County, sitting as a juvenile court,
ordered appellant placed in the care and custody of the Texas Youth Commission. Appellant challenges
the disposition order by two points of error. We will affirm the juvenile court's order.


BACKGROUND

 On March 23, 1995, ten-year-old K.G. disclosed to her stepfather that she had been
sexually assaulted. Appellant, the juvenile suspected of perpetrating the crime, had been baby-sitting K.G.
at the time of the alleged assault.

 At a hearing on the State's petition to adjudicate delinquency, the State presented evidence
that indicated sexual abuse had occurred and that M.S. was the perpetrator. The juvenile court found,
among other things, that the State had proven beyond a reasonable doubt that appellant had committed
sexual assault of a child. Accordingly, the court adjudged him delinquent. At a subsequent disposition
hearing, the court concluded that appellant should be placed outside of his home in the custody of the Texas
Youth Commission. See Tex. Fam. Code Ann. § 54.04 (West 1996).


DISCUSSION

Late Filing of Statement of Facts

 After appellant perfected his appeal, he failed to tender timely a statement of facts to this
Court. Appellant timely sought leave to file a late statement of facts. See Tex. R. App. P. 54(c), 83. The
motion was denied. In his second point of error, appellant contends the denial deprived him of his right to
effective assistance of counsel and his right to appeal. See Tex. Fam. Code Ann. §§ 56.01 (West 1996). 
Appellant again requests leave to file a late statement of facts.

 The procedures applicable to an appeal from an order of a juvenile court are the same as
those in civil causes generally. Tex. Fam. Code Ann. § 56.01(b). This rule is not without exception,
however, because of concerns arising from the quasi-criminal nature of juvenile proceedings. A juvenile
proceeding, which may deprive a child of his liberty for a number of years, is comparable in seriousness
to a criminal prosecution. See In re Winship, 397 U.S. 358, 365 (1970). Presumably for that reason,
many of the due process protections applicable to criminal proceedings apply also to juvenile proceedings,
such as the right to appeal and the right to assistance of counsel. See Tex. Fam. Code Ann. § 56.01(d)
(West 1996). However, at least one protection afforded criminal defendants is not currently afforded
juveniles. Specifically, courts of appeals have the power to grant an appellant in a criminal case leave to
file a late statement of facts even if the request is not timely, so long as the appellant shows he will be
deprived of effective assistance of counsel if leave is not granted. See Tex. R. App. P. 83. Appellant
argues application of the civil rule, as mandated by Texas Family Code section 56.01(b), deprives him of
substantive rights afforded him by section 56.01(d) because it does not take into account the effect of a
missing statement of facts on his ability to obtain effective assistance of counsel.

 Several other courts of appeals have struggled with the question of whether the criminal
procedural rules regarding late filings should apply to civil juvenile proceedings and have refused to allow
late filings in such cases. See In re M.B., 894 S.W.2d 82, 84 (Tex. App.--El Paso 1995, no writ); In re
J.W.D., 903 S.W.2d 44, 45 (Tex. App.--Houston [14th Dist.] 1995, writ denied); In re. E.T.J., 766
S.W.2d 871, 872 (Tex. App.--Dallas 1989, no writ). On the other hand, one court recently allowed a
juvenile to file a late statement of facts. See In re M.R.R., 903 S.W.2d 49, 51-52 (Tex. App.--San
Antonio 1995, no writ).

 After considering the quasi-criminal nature of juvenile proceedings, the contradictory
provisions of the Family Code, and the rules of appellate procedure, we conclude appellant should be
allowed to file a late statement of facts. The right to appeal includes the right to a record for meaningful
review. Griffin v. Illinois, 351 U.S. 12, 18-19 (1956). The right to counsel includes the guarantee of
effective assistance of counsel. Evitts v. Lucey, 469 U.S. 387, 395-96 (1985). The Texas Court of
Criminal Appeals has held that counsel's failure to file a statement of facts in a criminal case constitutes
ineffective assistance because it operates to deny appellant an opportunity to present an appeal at a
meaningful time and in a meaningful manner. Ward v. State, 740 S.W.2d 794, 800 (Tex. Crim. App.
1987) (citing Evitts, 469 U.S. at 395-96). The substantive rights to appeal and to effective assistance of
counsel are imperative in juvenile cases and should not be denied because such cases have been labeled
"civil." Just as a criminal appellant may be deprived of a meaningful appeal and effective assistance of
counsel if his lawyer fails to file timely a statement of facts with the appellate court, so may a juvenile
appellant. See M.R.R., 903 S.W.2d at 51-52. Therefore, we believe the substantive provisions in Texas
Family Code section 56.01(d) require that we consider the effect of having no statement of facts on a
juvenile appellant's ability to exercise his substantive rights. We hold juvenile cases should be treated as
criminal cases for purposes of the application of Texas Rule of Appellate Procedure 83.

 Because we believe the lack of a statement of facts might affect appellant's ability to obtain
effective assistance of counsel, we grant appellant leave to file his late statement of facts. We note that in
doing so, we do not abrogate the general rule that civil rules of procedure apply to juvenile cases. We
simply recognize a limited exception to that rule to give effect to the substantive protections afforded
juveniles in Family Code section 56.01(d). Because we are filing and considering the statement of facts,
we need not consider appellant's second point of error.


Legal Sufficiency of Evidence

 In his first point of error, appellant contends the evidence is insufficient to support the
juvenile court's disposition order. In order to commit a juvenile to the Texas Youth Commission, a juvenile
court


shall include in its order its determination that (1) it is in the child's best interest to be
placed outside the child's home; (2) reasonable efforts were made to prevent or eliminate
the need for the child's removal from the home; and (3) the child, in the child's home,
cannot be provided the quality of care and level of support and supervision that the child
needs to meet the conditions of probation.



Tex. Fam. Code Ann. § 54.04(i) (West 1996). The juvenile court included in the disposition order its
determination that these criteria exist.

 Absent a showing of an abuse of discretion, we will not disturb the juvenile court's findings. 
In re C.C., 930 S.W.2d 929, 930 (Tex. App.--Austin 1996, no writ h.) (citing In re J.P.O., 904 S.W.2d
695, 698 (Tex. App.--Corpus Christi 1995, writ denied)). In deciding whether the evidence is legally
sufficient, we view the evidence in the light most favorable to the finding and determine whether any rational
trier of fact could have found the elements of the requirement proven beyond a reasonable doubt. See
P.L.W. v. State, 851 S.W.2d 383, 387 (Tex. App.--San Antonio 1993, no writ). (2)

 We conclude the record supports the disposition order. The evidence before the court at
the disposition hearing reveals that appellant's home was not an ideal environment. The court summary
reported that appellant and his siblings had been removed from their home in the past because of their
mother's neglect. Appellant's mother was alleged to have had an alcohol problem in the past. The report
also stated that appellant was not eligible to participate in sex offender group therapy so long as he
maintained his innocence. According to the report, appellant's inability to participate in group therapy might
make him unlikely to meet the conditions of probation. The court could reasonably have concluded beyond
a reasonable doubt, based on this evidence, that it was not in appellant's best interest to remain in his home
or in the community. Even if we reviewed the evidence under the standard applicable to civil cases, our
decision in this case would not change. We conclude the evidence satisfies the criminal standard, which
is more stringent; therefore, the evidence would certainly satisfy scrutiny under the less protective civil
standard.

 Appellant also complains that the court merely recited the statutory factors without
documenting evidentiary support for those factors in its order. The Family Code requires only that the court
include in its order the determination that the requirements are met. See Tex. Fam. Code Ann. § 54.05(i). 
The Code does not require the court to explain the evidentiary support for the conclusions in its order.


CONCLUSION

 We have filed and considered the late statement of facts. We have applied the criminal
standard of review rather than the less stringent civil standard. Having done so, we conclude that the
juvenile court did not abuse its discretion. We overrule appellant's challenge to the legal sufficiency of the
evidence supporting the disposition order, and affirm the juvenile court's order.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith 

Affirmed

Filed: February 27, 1997

Publish

1. Section 22.021 of the Penal Code has been amended since the offense was committed. We,
however, cite to the current code for convenience and because the amendments were not germane to the
issues in this case.
2. Courts have struggled in attempting to decide the appropriate standard of review for reviewing
challenges to the legal sufficiency of the evidence in juvenile cases. Strict application of the Texas Family
Code could lead us to apply the civil standard. See Tex. Fam. Code Ann. §§ 51.17, 56.01(b) (West
1996); see also In re M.R., 846 S.W.2d 97, 100 (Tex. App.--Fort Worth 1992), writ denied per
curiam, 858 S.W.2d 365 (Tex. 1993). In civil cases, courts view the evidence and inferences tending to
support the verdict and determine whether more than a scintilla supports the trial court's judgment. See
Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). Some courts have applied,
however, the standard of review used in criminal cases. E.g., In re R.X.F., 921 S.W.2d 888, 899 (Tex.
App.--Waco 1996, no writ); P.L.W., 851 S.W.2d at 387. That standard requires courts to consider the
evidence in the light most favorable to the verdict and decide whether a rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. See id. Other courts have applied
yet another standard, which entails considering the evidence "as a whole" and determining whether the
State met its burden of proof beyond a reasonable doubt. E.g., In re G.M.P., 909 S.W.2d 198, 202
(Tex. App.--Houston [14th Dist.] 1995, no writ).


 We choose to apply the criminal standard because the State bears the same burden of proof in a
juvenile case as it does in a criminal case. See Tex. Fam. Code Ann. § 54.03(f) (West 1996). This
conclusion is consistent with our earlier discussion of the fact that juvenile proceedings threaten to deprive
juveniles of their liberty and are, thus, quasi-criminal in nature. We recognize the Texas Supreme Court
has hinted that reliance on adult criminal cases in juvenile proceedings appears to conflict with the Texas
Family Code. See M.R., 858 S.W.2d at 366. However, the court has yet to reach the question of whether
the adult criminal standard should nonetheless be applied to juvenile legal sufficiency challenges. See id.


 him unlikely to meet the conditions of probation. The court could reasonably have concluded beyond
a reasonable doubt, based on this evidence, that it was not in appellant's best interest to remain in his home
or in the community. Even if we reviewed the evidence under the standard applicable to civil cases, our
decision in this case would not change. We conclude the evidence satisfies the criminal standard, which
is more stringent; therefore, the evidence would certainly satisfy scrutiny under the less protective civil
standard.

 Appellant also complains that the court merely recited the statutory factors without
documenting evidentiary support for those factors in its order. The Family Code requires only that the court
include in its order the determination that the requirements are met. See Tex. Fam. Code Ann. § 54.05(i). 
The Code does not require the court to explain the evidentiary support for the conclusions in its order.


CONCLUSION

 We have filed and considered the late statement of facts. We have applied the criminal
standard of review rather than the less stringent civil standard. Having done so, we conclude that the
juvenile court did not abuse its discretion. We overrule appellant's challenge to the legal sufficiency of the
evidence supporting the disposition order, and affirm the juvenile court's order.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith 

Affirmed

Filed: February 27, 1997

Publish

1. Section 22.021 of the Penal Code has been amended since the offense was committed. We,
however, cite to the current code for convenience and because the amendments were not germane to the
issues in this case.
2. Courts have struggled in attempting to decide the appropriate standard of review for reviewing
challenges to the legal sufficiency of the evidence in juvenile cases. Strict application of the Texas Family
Code could lead us to apply the civil standard. See Tex. Fam. Code Ann. §§ 51.17, 56.01(b) (West
1996); see also In re M.R., 846 S.W.2d 97, 100 (Tex. App.--Fort Worth 1992), writ denied per
curiam, 858 S.W.2d 365 (Tex. 1993). In civil cases, courts view the evidence and inferences tending to
support the verdict and determine w